HUOTTE, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 28—November 14, 1916.*

*Criminal law: Receiving stolen goods: Information: Sufficiency: Variance: Verdict finding concealment only: Value.*

1. An information charging a statutory offense need not use the precise language of the statute, if its substance is charged.    Thus, an information charging that defendant did "feloniously receive, have, and aid in the concealment of" goods, knowing them to have been stolen, was sufficient under sec. 4417, Stats. 1915.

2. Sec. 4417, Stats. 1915, includes two substantive offenses, that of knowingly receiving stolen goods and that of concealing goods known, at the time of concealment, to have been stolen.    Such offenses, when committed by the same person at substantially the same time and relating to one continued transaction, may be coupled in one count as constituting but one offense; and a verdict finding defendant guilty of one of such offenses is a valid verdict.

3. It having been stipulated at the trial that the value of the goods in question exceeded $20, the proof having shown that fact, and no request to charge on the subject of value having been made by defendant's counsel, an objection that there was no finding that the value of the goods concealed exceeded $20 has no force.

4. Where the information charged that on December 14th defendant received and aided in the concealment of stolen goods, and the proof showed that they were received on the 14th but the concealment with knowledge that they were stolen did not take place until the last of the month, there was no fatal variance, it being sufficient that the date proved corresponds substantially with the charge.

ERROR to review a judgment of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Plaintiff in error was convicted of violating sec. 4417, Stats. 1915, by concealing goods of the value of over $20 knowing them to have been stolen, and was sentenced to serve a term of nine months in the state prison. To test the legality of such conviction he sued out a writ of error.

For the plaintiff in error there was a brief by *V. T. Pierrelee,* attorney, and *C. A. Lamoreux,* of counsel, and oral argument by *Mr. Lamoreux.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

VINJE, J. 1. The claim that there is a fatal variance between the statute, sec. 4417, Stats. 1915, declaring that "Any person who shall buy, receive, conceal or aid in the concealment of stolen money," etc., shall be guilty, and the information which charges that the defendant did "feloniously receive, have, and aid in the concealment of" the property in question, is not well founded. The precise language of the statute need not be used in the information. It is sufficient that its substance is charged.

2. The court instructed the jury:

"The issues raised, therefore, in this case for you to de-

cide are whether or not the defendant, at the time he received the goods in the late evening of December 14th, knew they had been stolen, and whether, after he had knowledge that the goods were stolen, he aided in the concealment of them. So that there are really two questions for you to decide: first, whether or not at the time the defendant received the goods he knew they were stolen and, therefore, violated the law I have just read to you in receiving stolen property knowing it to be stolen, and the second question whether, if the defendant did not at the time he received the goods in question know they were stolen, he aided in concealing the goods after he had become informed that they were stolen."

The jury returned this verdict: "We, the jury herein, find the defendant guilty in manner and form as charged in the information (on the second charge)." From a colloquy which occurred between the court and the foreman of the jury it was clearly made to appear that the jury acquitted defendant of knowingly receiving stolen goods, but found him guilty of concealing them after he knew they were stolen. It is contended the verdict is insufficient to sustain a conviction. The statute includes the two substantive offenses, that of knowingly receiving stolen goods and that of concealing goods known to have been stolen at the time of concealment. Such offenses, when committed by the same person at substantially the same time and relating to one continued transaction, may be coupled in one count as constituting but one offense. *Byrne v. State,* 12 Wis. 519; *Clifford v. State,* 29 Wis. 327. And a verdict finding defendant guilty of one of such substantive offenses is a valid verdict.

3. Upon the trial the value of the goods in question was stipulated to exceed $20; the proof showed that the wholesale value of the goods returned exceeded $20, and no request to charge on the subject of value was made by defendant's counsel. Under such circumstances the argument that there is no finding that the value of the goods concealed exceeded $20 has no force.

4. The goods were received, as charged in the information, on the 14th of December, but the concealment with knowledge that they were stolen did not take place till the last of the month. There is no fatal variance between the charge and the proof. In such cases the precise date charged need not be proved. It is sufficient that the date proved corresponds substautially with the charge. Here the defendant received the goods on the 14th of December and retained them in his possession till about the 7th or 8th of January following. The district attorney properly charged the date of receipt.

We have carefully read the evidence and are convinced that it not only sustains the verdict rendered but that it would sustain a conviction for knowingly receiving stolen goods.

*By the Court.*—Judgment affirmed.