HAWKINS, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 19—October 13, 1931.*

For the plaintiff in error there was a brief by *James J. Kerwin* and *Bottum, Hudnall, Lecher, McNamara & Michel,* all of Milwaukee, and oral argument by *Mr. Kerwin.*

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *Louis S. Wiener,* assistant district attorney, and oral argument by *Mr. Skogmo.*

FRITZ, J.  The complaint charges that in violation of sec. 147.14 (3), Stats., the defendant, James L. Hawkins, on February 6, 1931, not possessing a license to practice medicine and surgery, osteopathy, or osteopathy and surgery, did unlawfully and wilfully append to his name the letters "M.D.," which represented or might tend to represent him

as a doctor in any branch of treating the sick. Sec. 147.14 (3), Stats., so far as here material, provides:

"No person not possessing a license to practice medicine and surgery, osteopathy, or osteopathy and surgery, under section 147.17, shall use or assume the title 'doctor' or append to his name the words or letters 'doctor,' 'Dr.,' 'specialist,' 'M.D.,' 'D.O.,' or any other title, letters or designation which represents or may tend to represent him as a doctor in any branch of treating the sick."

In December, 1930, and January and February, 1931, plaintiff in error, Hawkins, was president of the American Society for the Conservation of Vision, the corporation which was involved in the case of *Nickell v. State, ante,* p. 614, 238 N. W. 508, which is decided herewith. By stipulation the cases were tried together, and the evidence and facts stated in the opinion filed in that case are also applicable in this case. In addition there was credible evidence to the following effect: Hawkins was not licensed in Wisconsin to practice medicine, surgery, or osteopathy, although the degree of Doctor of Medicine had been conferred upon him by a medical college. The corporation leased its offices in Milwaukee on December 1, 1930, and Hawkins in signing the lease, as president, added the letters "M.D." after his signature. He directed the opening of the offices, and on his order the following was painted on the entrance door: "American Society for the Conservation of Vision, Inc., James L. Hawkins, M.D. Walk in." During the next three months he was at the office several times, and knew that, for compensation, the eyes of patrons were examined by corporate employees, who directed ocular treatments which were represented to remedy defective vision and headaches. On January 27, 1931, the witness Campbell saw the sign on the door and on entering, Hawkins, with the use of an ophthalmoscope, a retinoscope, and a phoro-optometer examined and gave him a treatment for his eyes,

and advised him as to future treatment and remedy. On January 22 and February 7, 1931, Walter A. Drews saw the lettering on the door, and it was still there at the time of the trial. Hawkins also caused business cards to be printed with the name of the corporation and its Milwaukee address and telephone number, and the lettering "James L. Hawkins, M.D., President, Dr. M. H. Weir, Manager."

There was no evidence that Hawkins was in Milwaukee on February 6, 1931, the date on which the complaint charged that he appended the letters "M.D." to his name. A motion by the State to amend the complaint by substituting January 27, 1931, for February 6, 1931, was denied by the court with the statement, "Well, I am going to instruct anyhow, on or about the 6th day of February, 1931."

Briefly summarizing the crucial facts established by the evidence, it appears that Hawkins caused the letters "M.D." to be appended to his name upon the entrance door, in connection with the words "American Society for the Conservation of Vision;" that at that office the corporation of which he was president, under his supervision and with his participation, conducted the business, for compensation, of examining and treating the eyes of patrons, and advising treatment to remedy vision and headaches; and that in connection with the words "Conservation of Vision" on the entrance door, and the business transacted at the offices and by himself, the letters "M.D.," which he directed to be appended to his name on the door, tended to represent him as a doctor in a branch of treating the sick. Those facts constituted a violation of sec. 147.14 (3), Stats. But it is contended that there was no proof that Hawkins was at the Milwaukee office later than January 27, 1931, when he examined Campbell's eyes, and that therefore the proof does not establish the commission of an offense on February 6, 1931.

In this case, the variance as to the date does not prejudicially affect any material right of the defendant. It was in December, 1930, that he ordered his name with the letters "M.D." to be put on the door, and with his acquiescence his name with the letters "M.D." appended thereto remained on that door in January and February, 1931, and until the trial in March. Even if, because of his absence from the city on February 6, 1931, it may be debatable whether the letters were appended by him on that date, they were in any event so appended within such a limited period of the date charged in the complaint that the variance is not fatal to the prosecution.

"Within the limitations, first, that the offense must be proved to have been committed prior to the finding of the indictment; second, within the statute of limitations; third, where a special day is essential; where time is the essence of the offense, the time of the commission of the offense as averred in the indictment is not material and the proof is not confined to the time charged." 1 Wharton, Criminal Evidence (10th ed.) § 103.

The State is not formally tied to any date, but may, within reasonable limitations, prove the commission of the offense charged on any other substantially corresponding with the date charged. *Hess v. State,* 174 Wis. 96, 99, 181 N. W. 725; *Robinson v. State,* 143 Wis. 205, 208, 126 N. W. 750; *Huotte v. State,* 164 Wis. 354, 357, 160 N. W. 64; *Benedict v. State,* 190 Wis. 266, 268, 208 N. W. 934. The court could well, on the State's motion, have allowed the amendment of the date of the offense which was alleged in the complaint. Sec. 357.16, Stats.; *Hess v. State, supra; Schultz v. State,* 135 Wis. 644, 652, 114 N. W. 505, 116 N. W. 259, 571.

Error is assigned in ultimately receiving in evidence the business card which Hawkins had printed with the corporate name, its Milwaukee office address and telephone number,

Hawkins' name with the letters "M.D." appended, and also the lettering "Dr. M. H. Weir, Manager." The witness Drews testified that about January, 1931, he received the card by mail in an envelope in which there was no other inclosure, and there was no proof as to how or by whom it was mailed. Hawkins admitted that he caused the card to be printed, but testified that he expressly directed that it should not be circulated, and that he did not know that any card had been circulated in Wisconsin. After conflicting rulings, the court finally received the card in evidence over Hawkins' objections. The ruling was probably erroneous. There was no proof that the card was printed in this state or that Hawkins was in any manner responsible for its circulation. It expressly appeared that Hawkins directed that it was not to be circulated here and had no knowledge of its circulation. However, there was nothing on the card prejudicial to Hawkins or his defense that did not also appear upon the entrance door. Consequently, as it was undisputed that everything painted on the door was put there at his direction, and remained there with his knowledge and acquiescence, the card, with merely his name and "M.D." appended, added nothing unfavorable to Hawkins which was not otherwise established by competent and ample proof. It follows that the error was not prejudicial to any substantial right of the plaintiff in error; and as the case was undoubtedly rightly understood by the jury, as well as the court, a reversal would be improper. Sec. 357.19, Stats.

*By the Court.*—Judgment affirmed.