・Eaton, Plaintiff in error, vs. The State, Defendant in error.

*February 20—March 29, 1948.*

*M. N. Daffinrud* of Viroqua, attorney, and *David S. Novick* of Madison of counsel, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Martin Gulbrandsen,* district attorney of Vernon county, and oral argument by *Mr. Platz* and *Mr. Gulbrandsen.*

BARLOW, J. Plaintiff in error claimed an alibi. The question presented is whether the record is sufficient to sustain a conviction for the offense of assault with intent to rape as charged in the information.

Claim is made that the overt act must be an effort to commit the physical act of intercourse and that the proof here at best shows an assault and is not sufficient to establish the offense charged. Plaintiff in error had been at this home on prior occasions to visit a man rooming there and was familiar with the premises. He had a knife in his hand and his trousers were down. He got onto the couch and was choking the complaining witness and threatening her if she screamed. He did not have sexual relations with the complaining witness but the jury had a right to conclude from all the evidence that he intended to do so. This was a question of fact for the jury. It is considered there is ample evidence to sustain the verdict finding the plaintiff in error guilty of assault with intent to commit rape. See *Skulhus v. State* (1915), 159 Wis. 475; 150 N. W. 503; *Taylor v. State* (1923), 180 Wis. 577, 193 N. W. 353.

Error is claimed because the court instructed the jury they must be satisfied beyond a reasonable doubt the offense was committed "at or about the time stated in the information." The instruction is one uniformly used. It is a general rule the state is not formally bound to any date but may, within reasonable limits, prove the commission of the offense charged on any other date substantially corresponding with the date charged. *Hawkins v. State* (1931), 205 Wis. 620, 238 N. W. 511; *Hess v. State* (1921), 174 Wis. 96, 98, 181 N. W. 725; 1 Wharton, Criminal Evidence (10th ed.), p. 299, sec. 103. Plaintiff in error argues the instruction was prejudicial

because one of his defenses was an alibi, and therefore the date was a material fact in the case; that the effect of this instruction was to say that although the defendant has shown he was not present at the time alleged, proved, and established by the state, still the jury may convict him if it believes he committed the offense alleged at any time in the neighborhood of August 7, 1947, the date alleged in the information. No proof was offered nor was it claimed by the state that the offense was committed on any other date. The jury was not misled in any manner. Plaintiff in error made full proof of his alibi as a defense to the date on which the state claimed the offense was committed. The court properly instructed the jury on the defense of an alibi. If the state had attempted to prove the commission of the particular offense on a different date than the one alleged in the information or the commission of like offenses about the date alleged in the information where an alibi was being claimed as a defense, a different question might arise. No evidence was presented from which the jury could find the offense was committed on any date other than the one alleged in the information, and with this true it found the offense was committed by this plaintiff in error on the date alleged, which in effect means it disbelieved his alibi. While the words "at or about" could well have been left out of the instructions, we discover no prejudice. There was no opportunity for part of the jury to believe the offense was committed on one day and part to rest its verdict upon another date. The proof is limited to one specific offense on one particular day. Plaintiff in error was not misled in preparing his defense as to the offense or the date on which it was committed, nor was there any opportunity for the jury to misconstrue the instructions.

Plaintiff in error's motion for a new trial because of newly discovered evidence was denied. Whether it should have been granted rested largely in the discretion of the trial court and its decision will not be disturbed in the absence of a clear

abuse of that discretion. *McGeever v. State* (1941), 239 Wis. 87, 98, 300 N. W. 485; *Sweda v. State* (1932), 206 Wis. 617, 240 N. W. 369, and cases cited. Plaintiff in error testified that during part of the evening of August 7th, the night on which the offense was committed, he was in front of the hotel at Viroqua. This was corroborated by another witness, and on rebuttal a witness testified the two parties were in front of the hotel on August 6th. Plaintiff in error had been employed at a restaurant and as newly discovered evidence produced the affidavits of the proprietor and one of the employees of the restaurant who stated he was employed at the restaurant on the night of August 6th, and therefore could not have been in front of the hotel at that time. This evidence is merely impeaching in character and is ordinarily insufficient to warrant a new trial. *State v. Debs* (1935), 217 Wis. 164, 258 N. W. 173, and cases cited. *Cf. State v. Garnett* (1943), 243 Wis. 615, 11 N. W. (2d) 166. It is considered the court did not abuse its discretion in refusing a new trial.

Other errors assigned have been carefully examined, and we find no merit in them.

*By the Court.*—Judgment affirmed.