159 So.2d 862

**Ex parte Homer D. ELLIS.**

**7 Div. 736.**

Court of Appeals of Alabama.

Jan. 14, 1964.

Homer D. Ellis, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Petitioner, Homer D. Ellis, files a motion for leave to file a writ of error coram nobis in the Circuit Court of Shelby County, Alabama. As the basis of his motion he sets out five grounds which we shall discuss separately.

Ellis was tried at the October, 1955, term of the Shelby County Circuit Court for murder in the second degree and convicted of manslaughter in the first degree. On appeal to this court, the judgment was affirmed. A statement of the facts appears in the opinion at 39 Ala.App. 325, 100 So.2d 725, cert. den. 267 Ala. 235, 100 So.2d 732. Petitioner is currently serving a ten year prison sentence.

The first ground of his motion alleges the following:

"1. That Petitioner was hailed before the lower court (See *Exhibit A.*) on a capital case, that had no corpus-delecti, nor evidence to sustain detention. That the presentment was based upon a forged Affidavit and Warrant, purporting to be signed by the victim's estranged husband (James C. Williams), who certifies by affidavit that he did not in fact sign said complaint and warrant of arrest. (See *Exhibit B.*, and *B(1).,* & *B(2).*"

Exhibit A is a copy of the indictment filed on March 30, 1955, charging Ellis with the second degree murder of Peggy Joyce Williams. It is signed by Conrad M. Fowler, Solicitor of the Eighteenth Judicial Circuit; Herman Stone, Foreman of the Grand Jury; L. G. Fulton, Clerk; and A. L. Hardegree, Judge of the Eighteenth Judicial Circuit.

Exhibit B is a certified copy of the warrant for Ellis's arrest signed by Cecil Duke, Justice of the Peace, on November 19, 1954.

Exhibit B(1) is a certified copy of the affidavit subscribed and signed by James C. Williams, Affiant, before Cecil Duke, a Justice of the Peace of Shelby County, stating probable cause for belief that Petitioner Homer D. Ellis unlawfully killed Peggy Joyce Williams.

Exhibit B(2) is a copy of an affidavit signed by James Clay Williams before Notary Public J. H. Whited on April 21, 1960. Williams swears "that he did not swear out a Warrant for Homer D. Ellis, for the murder of Peggy Joyce Williams in Nov., 1954, and that he did not sign same."

Viewing this allegation most favorably to the petitioner, we construe his contention to be that his judgment of conviction should be reversed because his arrest was illegal and fraudulently procured. In Allen v. State, 42 Ala.App. 9, 150 So.2d 399, we held, "Illegal arrest may possibly color, taint, or disparage evidence, but we see no reason to say it would or should invalidate a later indictment otherwise regular. Cobb v. State, 17 Ala.App. 479, 85 So. 870; Jackson v. State, 37 Ala.App. 647, 73 So. 774."

■ Petitioner contends that the affidavit and the warrant were presented to the grand jury and so tainted the proceedings before that body that the indictment it returned is invalid. Ellis offers no evidence that the affidavit and the warrant were in fact presented or evidence of anything else that was before the grand jury. This allegation and showing concerning the arrest and indictment does not meet the requirement that "such an allegation and showing would also require a further showing that the outcome of the original trial would have probably been different * * *." Ex parte Powell, 39 Ala.App. 423, 102 So.2d 923.

■ The second and third of petitioner's allegations are set out next:

"2. Petitioner has discovered the alleged corpus delicti on the original matter of trial, is not now available, nor was it at the time of the actual trial proceedings. The body of the alleged victim was never examined by physician, coroner, or anyone to determine whether she was alive or not, before the body was ordered removed by a deputy sheriff (without authority) who *claimed authority of a coroner* (See Exhibit C.) The alleged body was then within Shelby County jurisdiction and removed from Shelby County to the County of Jefferson, without proper authority or permit. (See Exhibit D.).

"3. That the records of the Health Departments for the Counties of Shelby and Jefferson, show absolutely no such body as Peggy Joyce Williams, being received or buried, nor does the State or Federal Bureau of Vital Statistics show any records of any such body of the alleged victim, by name or by description in any form. (See Exhibits E., E(1)., E(2)..''

It is clear from reading the opinion of Judge Price, who spoke for this court, in petitioner's original appeal that the death of Peggy Joyce Williams was sufficiently proved and that sufficient evidence was presented that death resulted from a gunshot wound. Even though, in line with what Judge Bricken said, in speaking for this court, in Slaughter v. State, 21 Ala.App. 211, 106 So. 891, it would have been better practice to have a physician or coroner examine the body before it was removed, we hold, as was there held, that such failure does not require reversal of a jury verdict which is sufficiently supported by other evidence of the corpus delicti.

The last two grounds of petitioner's motion are as follows:

"4. Petitioner was never notified of the true nature of the charge placed against him at a time separate and proceeding his trial, and the right to interpose the special plea of 'not guilty'

by reason of insanity. (See Exhibit F.).

"5. Petitioner was forced into a trial lacking in fundamental fairness by actions of the trial Judge, who left the *Bench* and *Court-room* for a period of fifteen (15) or twenty (20) minutes, during the course of the trial proceedings, allowing the trial to continue in said judges absence, where Petitioner's life and liberty was in jeopardy on a capital case. (See Exhibit G.)."

The petitioner cannot now be heard by this court to complain of the matter set out in Ground 4 as such was available to him upon his appeal from the verdict and judgment of guilty by the Circuit Court of Shelby County in 1955. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Ex parte Gammon, 255 Ala. 502, 52 So.2d 369.

The burden rests with the petitioner to prove the contents of the petition. The contents of Exhibit G, which is an affidavit filed in support of the allegations contained in Ground 5, are insufficient to establish the averment that the trial was "lacking in fundamental fairness by the actions of the trial judge" and does not establish proof of such allegations. From aught that appears in such affidavit, the trial judge did not remove himself to a point where he abandoned supervision of petitioner's Circuit Court trial or any part thereof. Said affidavit failed to state that said trial judge did not remain in proximity sufficiently close to hear, see and supervise the entire proceedings.

Everything is to be presumed in favor of the regularity of the proceedings of a court of justice. Barnett's Ex'r v. Tarrence, 23 Ala. 463; McLendon v. Dodge & McKay, 32 Ala. 491; Gunn v. Howell, 35 Ala. 144, 73 Am.Dec. 484.

We find no merit in this petition and the same is hereby denied.

Petition denied.