LOCK, Plaintiff in error, v. STATE, Defendant in error.
LOWRY, Plaintiff in error, v. STATE, Defendant in error.

*April 11—May 13, 1966.*

---

For the plaintiffs in error there was a brief and oral argument by *Herbert S. Bratt* of Milwaukee for James

Lock, and *Aaron Starobin* of Milwaukee for Lawrence Lowry.

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HALLOWS, J. Four questions are raised on this appeal: (1) Was the evidence presented at the trial sufficient to prove the defendants' guilt beyond a reasonable doubt; (2) did the trial court commit error when it refused to grant the defendants a new trial; (3) should the proceeding have been dismissed because the warrants for the arrest of the defendants were invalid; and (4) should a new trial be granted in the interests of justice?

We have said many times that when the question of the sufficiency of the evidence is presented on appeal in a criminal case the only question for this court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendants' guilt beyond a reasonable doubt. *State v. Johnson* (1960), 11 Wis. (2d) 130, 137, 104 N. W. (2d) 379; *State v. John* (1960), 11 Wis. (2d) 1, 103 N. W. (2d) 304; *Parke v. State* (1931), 204 Wis. 443, 235 N. W. 775; *State v. Stevens* (1965), 26 Wis. (2d) 451, 132 N. W. (2d) 502. This ultimate test is the same whether the trier of the facts is a court or a jury. *State v. Waters* (1965), 28 Wis. (2d) 148, 135 N. W. (2d) 768; *Gauthier v. State* (1965), 28 Wis. (2d) 412, 137 N. W. (2d) 101. Invariably the briefs and arguments on this issue point to what the trier of the facts could have found or what this court should determine. The test is not whether this court is convinced of the guilt of the defendant beyond a reasonable doubt but whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the

required degree of certitude by the evidence which it had a right to believe and accept as true.

The sufficiency test is often stated in terms of burden of proof, but it is not unusual to state the test in terms of quantity of the evidence. See *State ex rel. Isham v. Mullally* (1961), 15 Wis. (2d) 249, 112 N. W. (2d) 701. Stating the rule conversely for the sake of clarity, the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of the facts acting reasonably could be convinced to that degree of certitude which the law defines as "beyond a reasonable doubt."

The defendants argue this is not an ordinary case of conflicting testimony which can be resolved by the trier of the facts who is free to determine the credibility of the witnesses. We do not agree. We think the evidence is sufficient if the court believed, which it apparently did, the version most favorable to the conviction. Outside of the unusualness of such an occurrence happening in a tavern in the presence of apparently unsamaritan patrons, the argument of the defendants goes to the credibility of the victim concerning whether he had any money.

Reynolds gave conflicting stories about having some $220 on his person. He first stated he cashed a check for $1,090 issued by the treasurer of the city of Milwaukee and he gave his wife $900 of it. An employee of the comptroller's office testified there was no record of any such check issued by the city treasurer but there was a check for $710 issued to the victim's wife. Later Reynolds changed his story about the check, saying he cashed two checks. There were other inconsistencies in Reynolds' story of his whereabouts prior to the robbery. However, the essential facts of his story of what happened in the tavern were corroborated by his companion Clarence Horton.

Because both Horton and Reynolds had prior criminal records, the defendants claim their testimony should not be believed. Prior convictions constitute a sufficient reason for disbelieving a witness, but the trier of the facts is not required to disregard such testimony. Whether Reynolds had $220 on his person at the time of the alleged robbery is basically a matter of believing or disbelieving Reynolds. The trial court chose to believe him and this would be sufficient to prove that element of the crime even though the record does not show such money was found upon the defendants when they were apprehended a few hours after the alleged robbery. Not every doubt or suspicion is sufficient to prevent a belief beyond a reasonable doubt. The doubt constituting the insufficiency must be a reasonable one in view of all the evidence. If the evidence is sufficiently strong to exclude any reasonable theory of innocence, it meets the test of sufficiency. *State v. Johnson, supra.*

We do not think the trial court committed error in refusing to grant a new trial on the ground of newly discovered evidence. The evidence offered was a statement by Mrs. Reynolds the day after the conviction to the attorney for the defendants to the effect that she cashed a check issued by the treasurer of the city of Milwaukee for $710 on February 26th but did not give her husband any money from the check, and her husband did not cash a check on that day and did not give her $900. She told the attorney that her husband received $150 from a person in Menomonee Falls on February 26th and had loaned some of it to a friend. Assuming the evidence, which was hearsay in the form presented in the defendants' affidavit, is true, at the most it is cumulative and goes to the credibility of Reynolds when he testified he cashed checks, gave his wife money, and had some $220 on his person at the time of the robbery.

The rules governing the granting of a new trial on the ground of newly discovered evidence in a criminal case

are the same rules which govern the granting of a new trial for newly discovered evidence in a civil case. These requirements are: (1) The evidence must have come to the moving party's knowledge after a trial; (2) the moving party must not have been negligent in seeking to discover it; (3) the evidence must be material to the issue; (4) the testimony must not be merely cumulative to the testimony which was introduced at the trial, and (5) it must be reasonably probable that a different result would be reached on a new trial. These requirements are of long standing and are based upon sound reasoning, see *Miller Saw-Trimmer Co. v. Cheshire* (1922), 177 Wis. 354, 369, 189 N. W. 465; *Estate of Teasdale* (1953), 264 Wis. 1, 4, 58 N. W. (2d) 404, and have been followed recently in *Hoffman v. Buggs* (1959), 6 Wis. (2d) 488, 491, 95 N. W. (2d) 237, and *Combs v. Peters* (1964), 23 Wis. (2d) 629, 635, 127 N. W. (2d) 750, 129 N. W. (2d) 174. If the newly discovered evidence fails to pass any one of the five requirements, the trial court does not abuse its discretion in denying the motion. See *State v. John, supra.* In criminal cases the hardest requirement to meet is that the offered evidence in view of the other evidence would have probably resulted in an acquittal. We stated in *Eaton v. State* (1948), 252 Wis. 420, 424, 31 N. W. (2d) 618, that "evidence is merely impeaching in character and is ordinarily insufficient to warrant a new trial," and in *Sweda v. State* (1932), 206 Wis. 617, 240 N. W. 369, we pointed out that evidence which tends to impeach the credibility of a witness hardly afforded a sufficient basis for disturbing a verdict.

Similarly here, the added potentiality of the cumulating and impeaching character of the offered evidence is not so conclusive and convincing that this court can say as a matter of law that a new trial would probably result in a different verdict. The offered testimony still shows Reynolds had in his possession some amount of money

less than $150 although its source was not from his wife's check.

The contention of the defendants that the warrants for their arrest were invalid and therefore their convictions should be upset is without merit. This contention is raised for the first time on appeal, but even if it had been raised in the lower court on a motion for a new trial, it would come too late under the holding in *State ex rel. La Follette v. Raskin* (1966), 30 Wis. (2d) 39, 139 N. W. (2d) 667, and *State ex rel. La Follette v. Moser* (1966), 30 Wis. (2d) 56, 139 N. W. (2d) 632. The force of the invalidity of a warrant spends itself when the issue is not raised at the latest at the time of the arraignment. *Carter v. State* (1965), 27 Wis. (2d) 451, 134 N. W. (2d) 444, 136 N. W. (2d) 561. See also *Pillsbury v. State,* ante, p. 87, 142 N. W. (2d) 187, for a similar problem. Counsel invites us to reconsider our holding in the *Raskin Case* insofar as it affects cases which had not become final at the time of the decision in *State ex rel. White v. Simpson* (1965), 28 Wis. (2d) 590, 137 N. W. (2d) 391. We do not respond to the invitation because we think both *Raskin* and *Moser* were correctly decided.

The defendants contend they should be granted a new trial in the interests of justice. In order for this court to exercise its discretionary power under sec. 251.09, Stats., it should clearly appear from the record that for some reason it is probable there has been a miscarriage of justice. In order for this court to exercise its discretion and for such a probability to exist we would at least have to be convinced that the defendant should not have been found guilty and that justice demands the defendant be given another trial. In their brief the defendants list six reasons why a new trial should be granted in the interests of justice. However, none of these reasons tends to indicate the defendants were denied a fair trial or that a new trial would probably result in their acquittal. True,

the defendants hope to be able to convince a new jury or the court as the trier of the fact of the truth of their story rather than of the testimony of the complaining witness, but hope is not a sufficient ground to grant a new trial in the interests of justice.

*By the Court.*—Judgments affirmed.