JENSEN, Plaintiff in error, v. STATE, Defendant in error.*

*October 6—October 31, 1967.*

* Motion for rehearing denied, without costs, on December 22, 1967.

For the plaintiff in error there were briefs by *Robert H. Friebert,* public defender, attorney, and *Richard Olbrich* of Madison of counsel, and oral argument by *Mr. Friebert.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

HANLEY, J.  Five issues are raised on this review. The first question is whether the trial court abused its dis-

cretion by not allowing alibi witnesses to testify for the defendant or by failing to adjourn the trial.

The alibi statute, sec. 955.07, Stats., is as follows:

"In courts of record, if the defendant intends to rely upon an alibi as a defense, he shall give to the district attorney written notice thereof on the day of arraignment, stating particularly the place where he claims to have been when the crime is alleged to have been committed together with the names and addresses of witnesses to his alibi, if known to the defendant. In default of such notice, evidence of the alibi shall not be received unless the court, for good cause shown, shall otherwise order."

No written notice of alibi was served on the district attorney on the day of arraignment, September 24, 1963. By statutory mandate, therefore, no evidence of alibi was admissible at the trial "unless the court, for good cause shown, shall otherwise order."

As pointed out by this court in *State v. Selbach* (1955), 268 Wis. 538, 540, 68 N. W. 2d 37, whether "good cause" is shown is a matter within the discretion of the trial court. The record clearly demonstrates the trial court did not abuse its discretion. Not only was no written notice of alibi given to the district attorney on September 24, 1963, but no notice was ever served on him until "on November 18, 1963, around 5 o'clock in the afternoon." The trial began the next morning and at that time the defendant's attorney stated:

". . . the defendant moves the Court for an order allowing him to put in evidence to establish an alibi, and for leave to file written notice of the detail of such alibi, . . ."

The first reason given to establish "good cause shown" was that at the arraignment the defendant stated orally that he would intend to rely upon an alibi. The record indicates that at the arraignment the defendant's counsel said that "they may file an affidavit of alibi."

The second reason argued by counsel was that the transcript of the preliminary hearing was not available at the time of the arraignment. This argument is ineffective since both the defendant and his attorney were present at the preliminary hearing, heard the testimony, and knew the exact nature of the charges against the defendant, including when the crimes occurred.

The third reason is that the notice of alibi could not be served in compliance with the statute because the complaints and informations charged that the offenses occurred "on or about" three specified dates and that until the "ons or abouts" were stricken the defendant could not file his notice of alibi. The content of the belated notice itself shows that this argument is without merit. No alibi was claimed in respect to the offense of April 24, 1963. At the time of arraignment the information specifically alleged the date of "the 15th day of August, 1963" as the date of the second offense. The claim of uncertainty as to that date then cannot apply to that count. The only count involving a claim of alibi which also involved the date described as "on or about" in the information was the crime on August 17, 1963. Since the defendant claims to have had an alibi for every night between August 13th and August 21st, the phrase "on or about the 17th day of August" in the information in no way prevented a timely filing of the notice.

The alibi claimed is that each night during the period August 13th to August 21st defendant was not home with his wife and six children, but rather spent his time in taverns and then later "at the premises occupied by Alice Peasecke." The defendant was aware of this alibi at all times and could have served his notice of alibi in compliance with the statute. We agree with the trial court that there was no "good cause shown" for the failure to comply with the statutory requirements.

Defendant claims that the trial should have been continued beyond November 19, 1963, because of the unavailability of the transcript. The same remarks apply

here as above. The defendant's attorney was present at the preliminary, and no pressing need was shown that the transcript was needed in preparation of the alibi defense.

The defendant next contends it was error for the court to instruct the jury that the state did not have to prove the dates beyond a reasonable doubt. The jury was charged with respect to the dates as follows:

"If you find that an offense charged against the defendant was committed by the defendant, it is not necessary that the State shall have proved that the offense was committed on the precise date alleged in the information. If the evidence shows beyond a reasonable doubt that the offense was committed on a date near the date alleged, that is sufficient."

Wis J I—Criminal, Part I, 255.

The mother of the prosecutrix and Michael Jensen, brother of the prosecutrix, both testified that there were relations on several occasions. At one point the prosecutrix testified that there were two acts of intercourse around August 15th and August 17th. Later she testified there was no act of intercourse while her mother was at the hospital, this last testimony appeared on cross-examination when the defense counsel read statements she made at the preliminary examination and asked her if they were true to which she responded "Yes." We think that because there were two offenses in question which occurred very close to each other in time and since there was general testimony to the effect that these acts of intercourse occurred several times, this instruction was error for it allowed the jury to dispel any doubts it may have had by believing that at some time defendant had sexual relations with his daughter on three occasions. Thus the practical effect of such an instruction would render the alibi defense ineffectual from the beginning. We think the instruction in question was designed for a fact situation in which one offense only is alleged, or where, if there are multiple offenses, there is absolutely

no confusion in anyone's mind as to their separateness in time.

*Eaton v. State* (1948), 252 Wis. 420, 31 N. W. 2d 618, cited by the state on this contention, is inapplicable. There only one offense was charged, and there could be no confusion as to when it occurred because there was no proof that the offense could have occurred on any date other than the one alleged; and the defendant made full proof of his alibi on the date alleged. The court stated at page 423:

". . . While the words 'at or about' could well have been left out of the instructions, we discover no prejudice. There was no opportunity for part of the jury to believe the offense was committed on one day and part to rest its verdict upon another date. The proof is limited to one specific offense on one particular day."

Error is also claimed because the court barred one Alice Peasecke from testifying as a surrebuttal witness. The facts are as follows: On direct examination defendant testified that he left the house on the night of August 15, 1963, at 7 p. m. and picked up his girl friend, went to several bars and did not return home until about 6 or 7 a. m. the next morning. The cross-examination led only to an expansion of the facts on the part of the defendant. In rebuttal to this alibi testimony the state produced the co-owner of the supper club at which the defendant's girl friend, Alice Peasecke, was employed. He testified that the employment records which were prepared by Alice Peasecke and also verified by the headwaitress indicated that Alice Peasecke, with whom the defendant supposedly spent his time on the evening of August 15th and the morning of August 16th, worked from 4:30 p. m. on August 15th until midnight. The defendant was prepared to put Alice Peasecke on the witness stand to explain the testimony of the supper club owner but was excluded by the trial judge because he held that she was an alibi witness, and the notice of alibi was not timely filed. De-

fendant then made an offer of proof that Alice Peasecke would testify that the record showed that she was working because there was a substitution of girls there and that she traded times with another girl freeing her for the evening of August 15th. It is clear that she would be an alibi witness. The contention that she would merely rebut the testimony of the supper club owner cannot be accepted because the testimony that she was not at work corroborates defendant's own testimony that she was indeed with him.

In any case her testimony would tend to cast doubt only on the August 15th and August 17th charges. It is likewise true that the error in the instructions only affects these two charges because no alibi was presented for the April 24th charges. There is thus applicable the rule of *Pulaski v. State* (1964), 24 Wis. 2d 450, 457, 129 N. W. 2d 204, certiorari denied, 380 U. S. 919, 85 Sup. Ct. 913, 13 L. Ed. 2d 803, where it was held:

". . . when a defendant has been convicted on a number of counts and is given concurrent sentences of similar duration, there is no prejudice requiring a reversal for error if there is a valid conviction on any of the counts."

Defendant also contends that it was error for the court not to allow him to impeach the testimony of Michael Jensen by a showing that he had a conversation with his father during which he told his father that his mother wanted him to tell "a lot of stuff" about his father, and that he did not know anything about what he testified to in court. While it is improper to exclude the testimony of a witness who can be expected to impeach himself, the testimony of Michael deals exclusively with events occurring at his parents' home. Destroying his credibility would in no way affect the April 24th charge, since the incident occurred at the home of his grandparents. Thus, the harmless error rule of the *Pulaski Case* applies to any error which might have been committed here also. As to that portion of Michael's projected testimony concern-

ing his mother's attempt to influence him, which would tend to show bias and prejudice on her part, that testimony would not affect the April 24th charge either, since her testimony with reference to that charge was only that she noticed a discharge on the prosecutrix's bedding and pajamas. Dr. Hartlaub's testimony corroborates the fact that such a discharge occurred. There is no claim preserved that she attempted to influence the prosecutrix or James Jensen, another brother of the prosecutrix who also testified for the state.

Lastly, the defendant contends the state failed to prove beyond a reasonable doubt that the defendant had intercourse with the minor child on April 24, 1963. The claim is made that the prosecutrix's testimony as to the April 24th charge is insufficient to support a guilty verdict because her testimony was inconsistent as to whether on that date defendant only inserted his finger into her or whether an act of intercourse was accomplished. The testimony that intercourse occurred was buttressed by the testimony of Dr. Hartlaub, who testified that on April 24, 1963, sperm cells were present in a smear taken from her vagina. The uncorroborated testimony of a victim has been held sufficient to support a jury's verdict. *Gauthier v. State* (1965), 28 Wis. 2d 412, 137 N. W. 2d 101, certiorari denied, 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671.

On appeal in a criminal case the test of the sufficiency of the evidence for a conviction is whether the evidence adduced, believed and rationally considered by the jury was sufficient to prove defendant's guilt beyond a reasonable doubt. *Oseman v. State* (1966), 32 Wis. 2d 523, 531, 145 N. W. 2d 766. In this case the victim testified that the defendant both inserted his finger into her and also engaged in an act of sexual intercourse; and the testimony of Dr. Hartlaub corroborated the victim's testimony that sexual intercourse occurred.

Defendant points to the fact that Dr. Hartlaub examined the victim on September 9, 1963, and found the

presence of male sperm and gonorrhea and that defendant could not have been the one responsible, for he was examined by a doctor on September 16, 1963, and no evidence of gonorrhea was discovered. The victim testified that she had never had relations with anyone except her father. This, defendant argues, completely destroys the victim's credibility. We do not believe that it destroys her credibility as to the April 24, 1963, charge.

We conclude that while there was prejudicial error on the two counts of August 15 and 17, 1963, there was no prejudicial error in reference to the count of April 24, 1963. Therefore, under the *Pulaski* rule, previously cited, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

The following memorandum was filed December 22, 1967.

PER CURIAM (*on motion for rehearing*). Defendant urges that, inasmuch as prejudicial error was found with respect to two of the three counts as to which he was convicted, we should reverse those two convictions. It is claimed that the affirmance of those two convictions might adversely affect action by the parole board with respect to future applications for parole or pardon. This court by independent investigation has verified that this might occur. With respect to this being a valid ground for setting aside such two convictions see *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 251, 252, 133 N. W. 2d 753. Therefore, the mandate should be revised so as to provide for the setting aside of these two convictions leaving stand that with respect to the count relating to the April 24, 1963, conviction.

In his brief for rehearing defendant raises for the first time the issue of the constitutionality of Wisconsin's alibi statute, sec. 955.07, Stats. We decline to consider this issue on the ground that it is raised too late. See *Green Bay Drop Forge Co. v. Industrial Comm.* (1953), 265 Wis. 38, 60 N. W. 2d 409, 61 N. W. 2d 847,

and *Martinson v. Brooks Equipment Leasing, Inc.*, ante, p. 209, 224b, 152 N. W. 2d 849.

Defendant's brief requests that, in the event we decline to rule on the constitutionality issue because not timely raised, his brief for rehearing be treated as a petition for habeas corpus. We decline to do so because no alibi was attempted to be interposed with respect to the April 24, 1963, charged offense. A litigant may not urge the unconstitutionality of a statute upon a point not affecting his rights. *Family Finance Corp. v. Sniadach* (1967), 37 Wis. 2d 163, 154 N. W. 2d 259, and cases cited in footnote 2 thereof.

The original mandate is revised so as to read as follows: "That part of the judgment of conviction and sentence relating to the charged offenses of August 15 and August 17, 1963, is reversed; that part of such judgment relating to the charged offense of April 24, 1963, is affirmed. The state at its election may retry defendant with respect to the August 15 and August 17, 1963, charged offenses."

The motion for rehearing is denied without costs.