STATE, Respondent, v. EBERHARDT, Appellant.

*No. State 8.   Argued September 6, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 287.)

For the appellant there was a brief by *Podell & Ugent* of Milwaukee, and oral argument by *Alvin R. Ugent.*

For the respondent the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La*

*Follette,* attorney general, and *David J. Cannon,* district attorney.

ROBERT W. HANSEN, J. The case of the defendant rests upon a single plank, one far too weak to support such a weight. That plank consists of the following colloquy between defense counsel and the police officer to whom defendant made certain statements:

"Q. Did Mr. Eberhardt appear to be in shock when you questioned him and advised him about his constitutional rights? A. Degree of shock.
"Q. Pardon? A. I don't know what degree of shock you would call it. He wasn't feeling normal; that's for sure."

That's all there is. There isn't any more, except for the officer's additional statement that the defendant did not appear to be confused. On the basis of the question asked and the answer given, this court is asked to conclude that the statements made by the defendant were not knowledgeably, understandingly and voluntarily made. To do so would be to upgrade the officer's statement into a clinical finding of emotional or mental upset so extreme that defendant was not responsible for what he said. It is one thing to establish that an individual, particularly after having consumed "at least 10 drinks of brandy" and becoming intoxicated, did not feel entirely normal the morning after. It is something else to establish a degree of confusion or want of understanding that would make the waiver of rights invalid or that account of his activities inadmissible. What he had to say was considered by the trier of facts, and properly so.

With the statements made by the defendant in the record, the claim fails that the evidence before the court is insufficient on which to base a conviction. Circumstantial evidence clearly linked the car driven by de-

fendant that evening with the car involved in the accident. In fact, defendant stipulated at the time of trial that the pedestrian was struck by the car found by the police, the car he drove. While the defendant did tell the police officer that he did not remember what happened after he left the tavern until he woke up the next morning, he also stated that he had a recollection of driving, of being involved in an accident and of hitting a safety island somewhere on Capitol Drive. Thus, there was credible evidence linking the defendant as well as the car he was driving that evening to the accident. The circumstantial evidence was buttressed by defendant's statement placing himself behind the wheel on the evening in question.

Defense counsel argue that this is not enough. The evidence, it is contended, must also exclude every other possibility as to what might have happened. Applied to this case, that means the possibility that a someone else might have been at the wheel at the time of the mishap. However, there is no evidence of a friend taking the wheel at any time during the evening. The defendant drove to the tavern alone. He remembers driving the car after he became intoxicated. In fact, he recalls driving it into a safety island. It is not every possibility that must be removed before a conviction can be sustained, particularly where there is no evidence at all on which to base any reasonable alternative hypothesis as to what happened. This court has stated:

"The type of reasonable certitude required in criminal cases is moral certainty relating to the affairs of human conduct . . . certain inferences of conduct may be drawn from various circumstances to a moral certainty. This is not to say that exceptions and possibilities may not exist but such possibilities in themselves do not prevent a person from forming a reasonable conviction beyond a reasonable doubt or to a moral certainty of the truth of a fact." [1]

---

[1] *State v. Johnson* (1960), 11 Wis. 2d 130, 136, 104 N. W. 2d 379.

On appeal, the measuring stick remains ". . . whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had a right to believe and accept as true." [2] By this test, the trial court's finding of guilt must be affirmed.

*By the Court.*—Judgment affirmed.

[2] *Lock v. State* (1966), 31 Wis. 2d 110, 114, 115, 142 N. W. 2d 183.