The defendant was indicted and convicted for the first degree murder of Flora Dean Polk. Sentence was life imprisonment. Two issues are raised on appeal.
 I
Initially the defendant argues that the absence of the trial judge from the courtroom during a portion of the prosecutor's closing argument to the jury requires a reversal of his conviction. The record reveals the following:
 "(Whereupon Mr. Littrell made closing statements to the jury on behalf of the State of Alabama and, during Mr. Littrell's closing statements to the jury, the court left the courtroom for a short period of time and the following objection was made by Mr. Graham (Defense Counsel)
 "MR. GRAHAM: I object to continuing without the Judge on the Bench. I can't listen to this man and make objections and take notes, and I object to proceeding on the trial without the Judge being on the Bench in this Murder Case.
 "(Whereupon the court entered the courtroom and the following occurred)
"THE COURT: All right, go ahead.
 "(Whereupon Mr. Littrell continued making losing statements to the jury on behalf of the State of Alabama, following which Mr. Graham made closing statements to the jury on behalf of the defendant, . . .)"
This issue was not made a ground of the defendant's motion for new trial. The defendant contends that Alabama law requires a reversal of any conviction where the trial judge did not remain in the courtroom during the entire trial.
Our Supreme Court has stated the applicable rule: *Page 1008 
 "(I)t is the duty of the presiding judge, at all times (unless under circumstances or at a time when his presence may be and is waived) during the progress of a trial — of which the argument to the jury is an important part of due process — to remain on the bench and in the presence and hearing of the trial and argument to the jury, to see that the trial proceeds in an orderly manner and in accordance with law.
 "In 16 C.J. p. 812, Section 2061, the general rule, well supported by authorities, is thus stated: `In prosecutions for felonies the great majority of cases lays down the general rule that the continued presence of the judge during the entire course of the trial is essential to the validity of the proceedings, and that his absence during any part of the trial, such as during the examination of a witness, during the argument of counsel, or at the handing in of the verdict (Waller v. The State, 40 Ala. 325; Whitehurst v. The State, 3 Ala. App. 88, 57 So. 1026), whereby he is not in a position to discharge his duties effectively, may vitiate the proceedings, unless he orders a suspension of the proceedings until he returns. This rule, however, does not prevent the judge from reading or writing, or from temporarily engaging in conversation; nor is the absence of the judge from the room reversible error, where he is still within hearing of the argument or evidence, and where he is in a position to pass upon any question which may arise therein.'
 "The reasons for this rule are stated by the Iowa court, as follows: `"There can be no court without a judge, and his presence, as the presiding genius of the trial, is as essential at one time as another. The argument is an important part of the proceedings, during which the judge cannot properly absent himself. He should remain within hearing, that he may not even temporarily relinquish control of the proceedings and the conduct of the trial. This is necessary to enable him to intelligently review the proceedings on motion for new trial." State v. Carnagy, 106 Iowa, 483, 487, 76 N.W. 805.'" Smith v. State, 230 Ala. 18, 21, 158 So. 808 (1935).
In Smith, the conviction was reversed because the prosecutor made a prejudicial comment in his argument to the jury during
the absence from the courtroom of the judge, who left without the consent or knowledge of defendant's attorney and went into another room where he could not see or hear any of the arguments or proceedings.
However the rule that it is the duty of the presiding judge to be visibly present during every moment in the trial of the case, so that he can always see and hear all that is being said and done, does not mandate a reversal in every instance of his absence. Although in Thomas v. State, 150 Ala. 31, 43 So. 371
(1907), the defendant made no objection to the judge's absence, the following comments are instructive in the present situation:
 "(W)e are of the opinion that the mere absence of the judge during the progress of the trial, when no objection or point was made at the trial, the absence being only for a few moments . . . does not require or authorize a reversal of the judgment of conviction. Especially so when it does not appear that the defendant suffered any harm or detriment on account of the judge's temporary absence." Thomas, 150 Ala. at 48 [43 So. 371] (emphasis added).
In Melvin v. State, 32 Ala. App. 10, 21 So.2d 277 (1944), it was noted:
 "In 23 C.J.S., Criminal Law, Section 972, p. 300, after asserting that the general rule requires the continued presence of the presiding judge during the entire proceedings of the trial, the text observes further: `Nor, in some jurisdictions, is his absence from the room reversible error, where he remains in a position to observe and hear the proceedings and to pass upon any questions which may arise therein, or where he is at all times within immediate call.'
(Emphasis ours.)" Melvin, 32 Ala. App. at 16, 21 So.2d 277. *Page 1009 
Finding that the trial judge had only left the bench and not the courtroom, the appellate court stressed the importance of the trial judge remaining visible in the courtroom at all times during the proceedings: "Great care and caution should be observed by the trial judge to avoid even the slightest doubt of his accessibility." Melvin, 32 Ala. App. at 16, 21 So.2d 277.
In Ex parte Ellis, 42 Ala. App. 236, 159 So.2d 862 (1964), the court found that an affidavit in support of a motion for new trial which asserted that the trial judge left the bench and the courtroom for a period of 15 or 20 minutes during the course of the trial proceedings did not establish that the trial was "lacking in fundamental fairness."
 "From aught that appears in such affidavit, the trial judge did not remove himself to a point where he abandoned supervision of petitioner's Circuit Court trial or any part thereof. Said affidavit failed to state that said trial judge did not remain in proximity sufficiently close to hear, see and supervise the entire proceedings.
 "Everything is to be presumed in favor of the regularity of the proceedings of a court of justice." Ellis, 42 Ala. App. at 239, 159 So.2d 862.
Here, even though defense counsel had no duty to make objection to any offensive or objectionable argument of the prosecutor in the absence of the presiding judge from the courtroom and could have presented objection in his motion for new trial, Woods v.State, 19 Ala. App. 299, 301, 97 So. 179 (1923), there has been no contention that there was any prejudicial remark made by the prosecutor during the trial judge's absence.[1]
In his brief, the defendant argues that "it is impossible to know what prejudice he suffered in fact." However, we cannot find that the defendant was harmed in any degree by the absence of the trial judge where there was no allegation made during the course of the proceedings below that he was prejudiced. From the record it does not appear that "the error complained of has probably injuriously affected substantial rights of the parties." A.R.A.P. Rule 45. Indeed, as in Ex Parte Ellis, there has not even been a showing that the trial judge "did not remain in proximity sufficiently close to hear, see and supervise the entire proceedings." Ellis, 42 Ala. App. at 239,159 So.2d 862. For these reasons, we conclude that under the facts of this particular case the trial judge's absence does not require a reversal of the defendant's conviction.
 II
After both the State and the defendant had rested their cases, the State was allowed to reopen its case and put on evidence in rebuttal of the defendant's testimony. The defendant argues (1) that the evidence the State presented on rebuttal should have been introduced during its case in chief, and (2) that the trial court's refusal to permit the defendant to present surrebuttal evidence constituted reversible error.
On cross examination, the defendant testified that he never told Sheriff's Investigator Richard Montgomery that he would swear that he had not been to the house of the deceased on the night of the homicide. At that time defense counsel was allowed to see the memorandum the prosecutor was using to cross examine the defendant. On redirect examination of the defendant, defense counsel did not pursue this matter. The defense rested its case at the close of the defendant's testimony.
On rebuttal, the State called Investigator Montgomery who testified to the fact that the defendant had made the statement to him. During the State's rebuttal, a hearing was held outside the presence of the jury on the issue of the admissibility and voluntariness of the defendant's statement to Investigator Montgomery. During this hearing the defendant took the stand and denied being informed of any of his constitutional rights and denied having made the statement. After witness Montgomery was excused *Page 1010 
from the stand, the State rested its case and the following occurred:
 "THE COURT: All right, ladies and gentlemen, that concludes the evidence, and —
 "MR. GRAHAM: May it please the Court, now, could I have the courtesy to see if we have got anything to put on in Rebuttal — Surrebuttal.
"THE COURT: That's the end of that.
 "MR. GRAHAM: Let the record show that we have other evidence that we wanted to consider putting on Surrebuttal, and the Court has denied us the right at this moment to do so."
"It is within the discretion of the trial court to receive, in rebuttal, testimony which more properly should have been offered as part of the case in chief. Nichols v. State,276 Ala. 209, 160 So.2d 619 (1964)." Ford v. State, 383 So.2d 601,604 (Ala.Cr.App. 1980).
"A trial court is clothed with wide discretion in the matter of permitting surrebuttal evidence", although the court's action in this regard is reviewable on appeal. Ellison v.State, 33 Ala. App. 405, 406, 34 So.2d 185 (1948). Rebuttal and surrebuttal evidence is properly confined "to material within the scope of the preceding adverse evidence." "Where, under the circumstances, a party may be entitled to offer evidence in surrebuttal, he will be restricted to such evidence as will rebut the rebuttal evidence, or to the new matter introduced in the rebuttal." 75 Am.Jur.2d Trial, Section 152 (1974). Ellison,33 Ala. App. at 406, 34 So.2d 185.
The better rule is that, generally, "(t)he court should permit a witness for defense to go into a matter testified to by him on cross examination after the prosecution has introduced contradictory testimony in rebuttal." 23 C.J.S. Criminal Law, Section 1050 (1961). However, it has been held that the denial of surrebuttal of impeaching evidence is proper and within the discretion of the trial judge. State v. Blanton,111 Ohio App. 111, 170 N.E.2d 754 (1960); Jensen v. State,36 Wis.2d 598, 153 N.W.2d 566 (1967). Yet in other cases a refusal to permit surrebuttal testimony to matters arising in rebuttal has been held error. Birmingham Ry. Light Power Co. v. Saxon,179 Ala. 136, 59 So. 584 (1912): "(W)here, . . . testimony is brought out on rebuttal, as to facts which could not have been testified to before, by defendant's witness, we think justice requires that the defendant should be allowed, in surrebuttal, to contradict the same." Saxon, 179 Ala. at 159, 59 So.2d 581. We particularly note that in Saxon the defendant made a showing as to what he expected the evidence to show on surrebuttal. Here no such showing or offer of proof was made.
Because of the nature of the State's impeaching evidence on rebuttal (either the defendant made the statement or he didn't), because any evidence on surrebuttal would be limited to showing that the defendant did not make the statement, and because no showing has ever been made as to what the defendant expected to prove on surrebuttal, we are not willing to find that the substantial rights of the defendant were prejudicial and that the trial judge abused his discretion in refusing to grant the request for surrebuttal.
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] In making this comment we intend no criticism of defense counsel who was aggressive and highly competent in his representation of the defendant and preservation of his rights.