COMMODORE, Plaintiff in error, v. STATE, Defendant in error.

*December 2, 1966—January 3, 1967.*

---

For the plaintiff in error there was a brief and oral argument by *Henry Dorman* of Racine.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Gerald E. Clickner,* district attorney of Racine county.

HEFFERNAN, J.   The defendant contends that he was denied a speedy trial, that he was adversely affected by prejudicial publicity that attended his prosecution, that the display to the jury of the money found in the washbasin was prejudicial, and that the judge failed to instruct the jury that it could make a finding of guilt in regard to lesser but included offenses. On the basis of all these contentions, the defendant maintains that the judgment should be reversed and a new trial ordered in the interest of justice.

1. *Was Commodore denied his constitutional right to a speedy trial?*

Sec. 7, art. I of the Wisconsin constitution provides, among other things, that, "In all criminal prosecutions the accused shall enjoy the right . . . to a speedy public trial by an impartial jury . . . ." It is apparent from the record that the defendant was jailed in October of 1964 and was not brought to trial until July 20, 1965. However, as we have recently pointed out in *State v. Reynolds* (1965), 28 Wis. (2d) 350, 354, 137 N. W. (2d) 14, the mere lapse of time does not constitute a denial of the right to speedy trial. We have pointed out that the accused must be tried as soon as the orderly operation of the court permits. *Kopacka v. State* (1964), 22 Wis. (2d) 457, 461, 126 N. W. (2d) 78. This court has also consistently held that, in addition, the accused is required to take affirmative action to see that his case is brought on for trial before he can demand dismissal of charges on the basis of a denial of the constitutional right to speedy trial. *State v. Reynolds* (1965), 28 Wis. (2d) 350, 354, 137 N. W. (2d) 14; *Hansen v. State* (1965), 26 Wis. (2d) 238, 243, 131 N. W. (2d) 837; *Kopacka v. State* (1964), 22 Wis. (2d) 457, 460, 126 N. W. (2d) 78. Shortly after Commodore's apprehension, a detainer warrant was filed as a result of a previous sentence. He commenced a *habeas corpus* proceeding in this court as a result of that detainer. The record of this case is absolutely devoid of any affirmative action until after the disposition of that *habeas corpus* proceeding. Moreover, the trial judge found, and there is convincing evidence to support such finding, that the delay from October to May was attributable to the defendant's agreement with the district attorney to postpone further proceedings pending the outcome of the *habeas corpus* proceeding in this court arising from an earlier conviction. The trial judge stated:

". . . the defendant has personally at no time requested a hearing or a preliminary hearing upon the present charge that of burglary, however, it does appear that throughout the course of this proceeding the defendant has been represented by counsel, presumably of his own choice, who on his behalf acquiesced, participated or consented to, if not in fact, he did not procure the delays which have intervened between the present and the arrest of the defendant."

An affidavit of the district attorney, made a part of the record and which is not contradicted, states:

"[The] Court Commissioner of Racine County, had on numerous occasions personally contacted the defendant and requested of him whether a speedy preliminary hearing was requested and that the defendant personally informed the Court Commissioner that he did not want further proceedings on this matter until the determination by the Supreme Court on the motion in habeas corpus."

Subsequent to the disposition of the petition for *habeas corpus* in this court adverse to the defendant, the defendant discharged the attorney who first represented him, and on May 14, 1965, his newly selected trial counsel waived preliminary hearing. He was arraigned on May 17, 1965, and was brought to trial on July 20, 1965. It is therefore apparent that, once the defendant took affirmative action to have his matter brought to trial, the matter was disposed of promptly. Whatever delay there was in bringing this matter to a conclusion was, to a great degree at least, of the defendant's own making. The defendant was not deprived of his constitutional right to a speedy trial.

We note also that, as a remedy for failure to provide a speedy trial, the defendant demands a new trial. Such remedy would appear inappropriate, for were the defendant deprived of that constitutional right, the defect could not be remedied by another trial further delayed—the remedy would be a dismissal of the charge and a bar to further prosecution.

## 2. *Was the defendant prejudiced by improper publicity or by the judge's failure properly to instruct the jury in regard thereto?*

The defendant also claims that prejudicial publicity made a fair trial impossible and that it was error for the trial judge to refuse to instruct the jury or to refuse to question the jury to determine whether any of its members had read an article appearing in the local paper during the course of trial. There is no evidence to show that the particular article or any of the other publicity attendant upon Commodore's apprehension or trial was prejudicial. The article appeared in a two-column story at the bottom of page 5 of the Racine Journal Times. The relatively inconspicuous headline stated, "Testifies to Apprehension of Suspect in Burglary." The news story appears to be a completely accurate and dispassionate account of the testimony elicited at trial. Moreover, the record does not reveal that trial counsel asked for a special instruction to disregard prejudicial newspaper publicity. Trial counsel asked that the jurors be questioned to determine whether or not they had read the story. The judge denied this request. Under the circumstances we cannot conclude that this was error. On the face of it, the newspaper article was not prejudicial, nor is there any evidence that it was. The record also contains a photograph taken at the time of defendant's apprehension on the night of October 22–23, 1964. This photograph appeared in the Milwaukee Journal, and there is nothing to show that any of the jurors had seen the photograph prior to the time it was introduced into evidence at the instance of the defendant. Nothing in either of these newspaper reports is indicative of any bias or feeling against the defendant on the part of the press or public which might prejudice the jurors in arriving at an impartial verdict. Although counsel states that the defendant was apprehended by the police in the midst of a "circus-like atmosphere," there is nothing in the record

to indicate that circumstances of that apprehension or the publicity attendant thereto (which appeared in the newspaper in another city) prejudiced the defendant at trial. Counsel relies upon *Sheppard v. Maxwell* (1966), 384 U. S. 333, 351, 86 Sup. Ct. 1507, 16 L. Ed. (2d) 600. The very quotation used by counsel, however, makes apparent the inappropriateness of the *Sheppard Case* to the instant one:

"'With his life at stake, it is not requiring too much that petitioner be tried in an atmosphere undisturbed by so huge a wave of public passion. . . .'"

We find no circumstances here that are indicative of prejudicial publicity. The usual admonition that was given by the court stating, "In determining the guilt or innocence of the defendant, you should be governed solely by the evidence brought before you and the instruction of the court . . . ," was adequate to safeguard the rights of the defendant under these particular circumstances.

3. *Did the conduct of the district attorney hopelessly and irretrievably prejudice the defendant's case?*

The defendant contends that the district attorney, "with gusto and relish, emptied the contents of the money bag upon counsel's table and triumphantly proceeded to count the money. All this within sight and hearing of the jury." This money, in the amount of $20.36, was allegedly that found in the washbasin in the men's room. This money was not offered in evidence because the district attorney stated that to establish the chain of custody would require an undue disruption of the normal activities of the police force. Defendant maintains that the display of the money was prejudicial in that it constituted the sole evidence of defendant's "intent to steal" and that the display of this money supplied the necessary "link" that led to the conviction of defendant. The incident, if as described, would be more appropriate to the

theater than to the courtroom and constitutes unnecessary prosecutorial histrionics, but in this instance it cannot be said to be prejudicial. There was ample proof otherwise available of record to support the jury's verdict concerning the element of intent. The officers testified that they saw the defendant's "hands in the till" and, in addition, the testimony of the police captain established the fact that Commodore stated he was in the tavern because "I ran a little short and needed some quick dough."

While the defendant claimed that he was so intoxicated that he could not have formed any intent, this assertion was contradicted by the statements of witnesses who had seen Commodore a short time prior to the burglary and by the police officers' testimony that he did not appear intoxicated when apprehended. The jury therefore, as the trier of the fact, could disbelieve the testimony of Commodore and could conclude on the basis of the evidence that he had entered the tavern with the intent to steal.

4. *Should a new trial in the interests of justice be granted because of error in refusing to instruct jury to consider the possibility of finding defendant guilty of either criminal trespass to dwellings, sec. 943.14, Stats., or disorderly conduct, sec. 947.01?*

As stated, the defendant based his defense upon the allegation that he was so intoxicated that he could not have formed the requisite intent to steal. Since it was clear that he was apprehended on the premises, and some explanation of his presence was imperative, his counsel requested that the trial court instruct the jury to consider whether the defendant was guilty of two less serious offenses, trespass to a dwelling in violation of sec. 943.14, Stats., or disorderly conduct in violation of sec. 947.01. The defendant argues that it was error on the part of the

trial judge to refuse such instructions. He relies upon sec. 939.66, which reads in part:

"**Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged."

Even if the lesser crimes which he as asserts were deemed to be offenses included within the original charge, it is apparent that there was no error in refusing the additional instructions requested by the defendant. In *Devroy v. State* (1942), 239 Wis. 466, 468, 1 N. W. (2d) 875, we stated:

"In passing upon the assignment of error in question there are applicable the rules that—'to justify a conviction, and submittal for conviction of a lesser offense included within the greater, "there must be some reasonable ground on the evidence, in the judgment of the court, for a conviction of the former and not of the latter." In the final analysis of the evidence, the test to be applied, in determining whether lesser degrees of the offense charged are to be submitted on request, is whether in any reasonable view of the evidence there is reasonable ground on the evidence, in the judgment of the court, for a conviction of the lesser offense and not the greater?' *Sweda v. State*, 206 Wis. 617, 625, 240 N. W. 369; *Hempton v. State*, 111 Wis. 127, 140, 86 N. W. 596; *Weisenbach v. State*, 138 Wis. 152, 119 N. W. 843; *Krueger v. State*, 171 Wis. 566, 578, 177 N. W. 917; *Meyer v. State*, 176 Wis. 184, 187, 185 N. W. 520."

This precedent requires that the trial court find not only that there are reasonable grounds on the evidence to support conviction of the lesser offense but also that there are not reasonable grounds on the evidence to convict of the greater offense. On the basis of the evidence adduced at this trial there is no question that the evidence adduced, if believed by the jury, would sup-

port the conviction of the greater offense. The defendant's claim of error in this respect is totally without merit.

### 5. *Should the defendant be granted a new trial in the interests of justice?*

The defendant also contends, considering all of the allegations of error, that it lies within the discretionary power of this court under sec. 251.09, Stats., to reverse the conviction of the trial court and to order a new trial in the interests of justice. This power is exercised with "some reluctance and with great caution" and only in the event of a probable miscarriage of justice. *Ferry v. State* (1954), 266 Wis. 508, 511, 63 N. W. (2d) 741. Such grave doubt must exist regarding a defendant's guilt to induce the belief that justice has miscarried. *State v. Fricke* (1934), 215 Wis. 661, 667, 255 N. W. 724. In *Lock v. State* (1966), 31 Wis. (2d) 110, 118, 142 N. W. (2d) 183, we stated:

"In order for this court to exercise its discretion and for such a probability [of a miscarriage of justice] to exist we would at least have to be convinced that the defendant should not have been found guilty and that justice demands the defendant be given another trial."

A review of the entire record can only result in the conclusion that the defendant was properly convicted of the crime charged. There is nothing to indicate that justice has not been well served by this conviction, nor is there one shred of evidence to indicate that a different result would obtain under optimum circumstances. It is most unlikely that a new trial would result in an acquittal.

*By the Court.*—Judgment affirmed.