GRIFFIN, Plaintiff in error, v. STATE, Defendant in error.    [Two cases.]

*Nos. State 146, 147.    Argued June 4, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 571.)

386

For the plaintiff in error there was a brief and oral argument by *Thomas P. Maroney,* attorney, and *Anthony W. Schiro* of counsel, both of Milwaukee.

For the defendant in error the cause was argued by *Theodore J. Hodan,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HALLOWS, C. J. The defendant argues that the trial court erred: (1) In not ruling as a matter of law that he was acting in self-defense; and (2) in not allowing him to withdraw his plea since he had a right as a matter of law to withdraw his plea of guilty, because his constitutional rights relating to his confession and to having an attorney immediately after his arrest were violated.

We think the trial court was correct in not ruling as a matter of law that the defendant acted in self-defense. The trial court could not have so ruled on a plea of guilty. The most the trial court could have done was to refuse to accept the plea of guilty. Nor do we think the court erred in denying the withdrawal of the plea on this alleged defense. The story the defendant told on the stand after his plea of guilty and the version he proposed in his affidavit to withdraw the plea are not consistent. From the record, it may be stated that on the evening of December 16th, and in the early hours of December 17, 1966, the defendant and his wife were at the home of Oscar and Lora Thomas in Milwaukee. The two women were sisters. The couples had been out drinking and arrived at the Thomas home after midnight. Oscar Thomas engaged his wife in an argument in which

he accused her of going out with other men including the defendant. The defendant claims he attempted to stop the argument and became involved in a wrestling bout with Thomas, during which a revolver carried by the defendant fell on the floor. The revolver was picked up and given to the defendant's wife. The defendant then took out a knife.

According to the defendant in his affidavit, Thomas left his house and went to the trunk of his car and the defendant with the pistol in his pocket followed him to the parking lot of the alley at the rear of the house. The defendant claims he observed Thomas at the rear of his automobile, taking a .22 rifle out of the trunk, and pleaded with him on three occasions not to pick up the rifle. However, Thomas did pick up the rifle and defendant attempted to leave when Thomas began to remove the covering on the rifle. The defendant took his revolver out of his pocket and shot one shot in the air as a warning to Thomas. One version at the hearing is that Thomas then dropped the rifle and came after the defendant, who then shot Thomas. According to the defendant, when Thomas got the scabbard almost off the rifle Thomas came at him with the gun and he shot him. At the hearing the defendant testified at that time Thomas "had the gun in his hands. The gun was kind of aiming at me, he didn't have it all the way off the scabbard. I don't know if it was loaded or not. I didn't know. Otherwise I probably never shot him."

Other testimony taken at the hearing shows a more belligerent attitude on the part of the defendant. We think the testimony given on the post-plea hearing and the statements in the affidavits taken separately and together raise a jury question and the defendant certainly could not either at the time of his plea or even now with his new version be found as a matter of law to have shot Thomas in self-defense. It is not necessary to claim

innocence or a valid defense as a basis to withdraw a plea because the manifest injustice may be inherent in procedure rather than in the merits. Here we have no doubt the defendant is guilty; therefore the necessary manifest injustice, if it exists, must lie in the process which led to conviction.

A plea of guilty may be withdrawn upon a showing its withdrawal is necessary to correct a manifest injustice, but this showing must be established by clear and convincing evidence. *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9; *Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625, certiorari denied, 379 U. S. 862, 85 Sup. Ct. 124, 13 L. Ed. 2d 65. While four examples of manifest injustice were given in the rule announced in *Reppin,* we stated there could be other circumstances. This case attempts to present other grounds for the withdrawal.

The defendant claims he pleaded guilty because of the first-degree murder charge. However, we fail to see the merits of this argument. That charge was dismissed and the manslaughter charge substituted. The record shows the defendant made his plea to this charge voluntarily, understandingly with aid of counsel, and without threats or any promises and was sentenced to an indeterminate term of not more than eight years. The record shows no agreement for a negotiated plea was made. Motivation for pleading guilty is different than mental coercion to so plead. Whether the state could or could not have proved the first-degree murder charge is irrelevant to this issue.

The defendant argues the securing of his confession was in violation of his constitutional rights. It is true the defendant was taken to the county morgue around 8:30 on the morning of December 17th to identify the body of the deceased and at that time he made a statement that he shot Thomas. This statement was used at

the post-plea hearing not as a basis for his conviction. The securing of this morgue confession was after our decision in *Bradley v. State* (1967), 36 Wis. 2d 345, 153 N. W. 2d 38, 155 N. W. 2d 564, but prior to our decision in *McKinley v. State* (1967), 37 Wis. 2d 26, 154 N. W. 2d 344, in which we held that a morgue confession was as a matter of law the result of psychological pressure and inadmissible in evidence. But *see State v. Harrell* (1968), 40 Wis. 2d 536, 162 N. W. 2d 590 (rule not applicable to an exculpatory statement).

Defendant, assuming *McKinley* is applicable, argues that because of the denial of a relevant constitutional right he may withdraw his pleas as a matter of right. *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295. The state on the other hand argues a plea voluntarily and understandingly made with the aid of counsel constitutes a waiver of nonjurisdictional defects and defenses including claims of violation of constitutional rights prior to the plea, relying on *Hawkins v. State* (1965), 26 Wis. 2d 443, 132 N. W. 2d 545, 20 A. L. R. 3d 717. We pointed out in *State v. Reppin, supra,* the *Hawkins* doctrine normally is not used as a waiver for the purpose of denying a review of a plea of guilty. However, it may where the defendant is represented by counsel. But if the *Hawkins* rule is applicable, the court has discretion to grant relief from the waiver and that is the purpose of the motion to withdraw.

There is no claim by the defendant other than an intimation in his brief that his morgue confession caused him to plead guilty under the belief it could be used against him. We think the plea was a matter of trial strategy which should not be upset because the defendant thinks the law has been changed. There was no objection or correction made when the statement was put in the record on the postconviction hearing and the defendant was represented by counsel. Presumably when

the defendant did not object and later when he took the stand, he did so on advice of counsel who was aware of the problems involved in the defense and decided that the defendant's testimony including the confession would be of some aid in getting a lighter sentence. This trial tactic amounts to a waiver of any violation of defendant's constitutional right.

The defendant also claims he should have been granted counsel immediately upon his arrest and this is required by *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974. The record made at the morgue does not show the defendant was advised of his constitutional rights there, but the officer at the time of the hearing testified he had advised the defendant of his constitutional rights. *Miranda* deals with the fact of notice, not the preservation of that notice in a record. There is no requirement the giving of the *Miranda* warning must be evidenced in some police record or it is presumed no warning was given. We find no violation of a constitutional right on that ground.

On this record, we agree with the trial court the defendant did not prove by clear and satisfactory evidence that withdrawal of the plea of guilty is necessary to correct a manifest injustice.

*By the Court.*—Judgment and order affirmed.