STATE, Respondent, v. HALL, Appellant.

*No. State 34.   Argued January 5, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 653.)

For the appellant there was a brief and oral argument by *Anthony K. Karpowitz,* attorney, Legal Aid Society of Milwaukee.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J.   The single issue on this appeal is whether the evidence is sufficient to establish an intent to steal.

The burglary statute under which the defendant was charged is sec. 943.10 (1) (a), Stats. It provides as follows:

"**Burglary.** (1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than 10 years:
"(a)   Any building or dwelling."

The attempt statute, sec. 939.32 (2), provides:

"An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor."

There are three essential elements in the crime of burglary under the statute—(1) an intentional entry of the building, (2) without the consent of the person in lawful possession, and (3) with an intent to steal.[1]

---

[1] *Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505.

The defendant, in effect, concedes that the evidence is sufficient to establish the first two elements of burglary, namely, an intentional entry of a dwelling without consent of the person in lawful possession. He does, however, forcefully assert that evidence is insufficient to establish the third element—an intent to steal—as charged in the information.

The evidence adduced at the trial reveals the following:

The building in question was a two-story dwelling located at 2650 North 5th Street in the city of Milwaukee. The lower floor was in the lawful possession of Mrs. Jeanette Riley (also referred to as Janet Riley). The incident took place in the early afternoon hours of July 22, 1969.

Two witnesses, Dorothy Williams and Jack Norton, who both knew the defendant Preston Hall, testified that they saw him take off a ground floor storm window with the aid of a butter knife, open the window and enter the building. Neither of them saw him come out of the building. Norton further testified that prior to the entry, Hall asked him if he (Norton) would "help him go into the house." Norton refused and stated Hall did not tell him why he was going into the house.

Mrs. Riley did not testify at the trial but the parties, through their attorneys, did stipulate that Mrs. Riley was the lawful occupant; that she was not home between 10:30 a. m., and 1 p. m., and that she had not given the defendant or anyone else permission to enter her home. The stipulation did not indicate that anything was stolen nor attribute any activity of any kind inside the dwelling to the defendant Hall.

Two other witnesses testified for the state, Mamie Williams and Police Officer Kenneth A. John. Mrs. Williams is the mother of Dorothy Williams and lives in the house next door. She knew Hall and saw him on July

22d. Officer John's only testimony was that he was called to the scene and saw a storm window that had been removed and placed alongside the building.

The defendant testified in his own behalf. He stated he knew the witnesses Norton, Dorothy Williams and Mrs. Riley and that he had seen Mrs. Riley on the street at 12:30 in the afternoon. He further testified that he did not enter Mrs. Riley's house.

The state concedes there is no direct evidence of an intent to steal but contends that the evidence here is sufficient to support an inference that the defendant unlawfully entered with an intent to steal. Our opinion in *Strait v. State, supra,* is cited as authority to sustain this position.

This court has in *Strait, supra,* and other cases [2] held that an intent to steal can be inferred when an unlawful entry is combined with other incriminating circumstances. However, in *State v. Holmstrom, supra,* we did retain the rule that "intent to steal will not be inferred from breaking and entering alone."

We are of the opinion that the *Strait Case* must be distinguished on its facts and that in the case at hand there is no, or at least not sufficient, evidence of surrounding incriminating circumstances which will permit an inference of an intention to steal. In *Strait,* at page 560, the incriminating circumstances were described as follows:

". . . The entry was made at four a. m. at the rear of the business building—a time and place where detection is least likely; the entry was without consent, forcible and with damage to the building; there were items in the restaurant that are common items of larceny; as soon as defendant knew his presence had been detected his attempt to conceal himself; his implausible explana-

[2] *State v. Holmstrom* (1969), 43 Wis. 2d 465, 476, 168 N. W. 2d 574; *Bethards v. State* (1970), 45 Wis. 2d 606, 173 N. W. 2d 634.

tion for his presence could be more damaging than no explanation at all; and the inference of a guilty conscience on the part of the defendant by his statement when discovered, 'I didn't want to be charged with burglary,' and his volunteered statements on his way to the police station to the effect that he didn't care about advice as to his constitutional rights and that he was going to jail for quite a while. All of these circumstances are consistent with an intent to steal. There is no evidence other than his implausible statement that suggests any innocent or other purpose for his illegal entry."

In this instance the illegal entry was during the daylight hours in a residential neighborhood where defendant was known and readily observed and identified. There is no evidence at all how long he was in the building, whether he did steal anything or attempted to steal anything, nor what any of his activities were while in the building, nor is there any evidence that he was interrupted or apprehended by the police or anyone else while he was in the building.

This evidence falls far short of the circumstances described in *Strait, supra.* It is our opinion that there is not sufficient evidence to permit a reasonable inference that the defendant illegally entered the dwelling with an intent to steal. The evidence may well be sufficient to prove the crime of criminal trespass to a dwelling as provided by sec. 943.14, Stats., but in our opinion it is insufficient to prove attempted burglary.

*By the Court.*—Judgment reversed and sentence set aside.