STATE, Respondent, v. BARCLAY, Appellant.

*No. State 206. Argued March 29, 1972.—Decided May 4, 1972.*
(Also reported in 196 N. W. 2d 745.)

For the appellant there was a brief by *Irvin B. Charne* and *Charne, Glassner, Tehan, Clancy & Taitelman,* all of Milwaukee, and oral argument by *Irvin B. Charne.*

For the respondent there was a brief by *Robert W. Warren,* attorney general, and *Richard J. Boyd,* assistant attorney general; oral argument was by *Lawrence P. Biggam* of San Francisco, California.

ROBERT W. HANSEN, J. One question only is asked by this appeal: Was the evidence sufficient to permit the jury to reasonably conclude beyond a reasonable doubt that the defendant's unlawful entry was made with intent to steal? [1]

Credible evidence, adduced by the state, which the jury was entitled to believe, established that the defendant was observed by a police officer—at 4:45 a. m.—walking to the rear of a tavern building at 4500 West North Avenue in the city of Milwaukee. The police officer testified he observed the defendant stop at a rear window of the tavern building—wrap a handkerchief around one hand—break the window with his handkerchief-wrapped hand—reach in with his arm to unlatch the window. The police officer testified he then shouted, "halt! police officer!" Whereupon, the officer testified, the defendant fled with the officer in pursuit. Two or three minutes

---

[1] "On appeal in a criminal case the test of the sufficiency of the evidence for a conviction is whether the evidence adduced, believed and rationally considered by the jury was sufficient to prove defendant's guilt beyond a reasonable doubt. . . ." *Jensen v. State* (1967), 36 Wis. 2d 598, 607, 153 N. W. 2d 566, 154 N. W. 2d 769.

after the breaking of the window, the defendant was observed by a deputy sheriff. Seeing the defendant sneak across an alley near the tavern, the deputy shouted for him to stop and drew his gun. The deputy testified the defendant stopped, was handcuffed by a second deputy sheriff and was identified by the police officer as the person he had seen breaking into the tavern.

The defendant testified he was not the person who walked to the rear of the tavern, not the person who wrapped his hand with a handkerchief, not the person who broke the window and reached in to unlatch it, not the person who ran when ordered by the police officer to stop. It is clear that the jury did not believe the defendant's testimony, and did believe the testimony offered by the state. The issue of comparative credibility was for the jury to determine. In any event, it is with the evidence in support of the jury verdict that we now deal.[2]

Arguing that such evidence does not establish an intent to steal, defendant's counsel relies heavily on the *Kennedy Case*, where this court, by four to three vote, found intent to steal not established where there was an unlawful entry into a school at night.[3] That decision has its critics,[4] but, more to the point here, on its facts,

---

[2] ". . . In a criminal case as in a civil case the rule is, if there is any credible evidence which in any reasonable view supports the verdict it should not be disturbed on appeal. . . ." *State v. Morrissy* (1964), 25 Wis. 2d 638, 640, 131 N. W. 2d 366.

[3] *State v. Kennedy* (1962), 15 Wis. 2d 600, 613, 113 N. W. 2d 372. *See also: State v. Reynolds* (1965), 28 Wis. 2d 350, 360, 361, 137 N. W. 2d 14 (arising from same incident and set of facts as *Kennedy*).

[4] "We have examined *State v. Reynolds* . . . and *State v. Kennedy* . . . . Such Wisconsin cases are not binding upon us and to the extent that they may be inconsistent with the view above expressed, we find that the reasoning of such cases is not persuasive and the result is contrary to the great weight of authority." *Hiatt v. United States* (8th Cir. 1967), 384 Fed. 2d 675, 677.

it has been reversed by this court,[5] and, on the law, has been qualified to make clear that ". . . proof of circumstances which would lead the ordinary person to conclude beyond reasonable doubt that the entry was with the intent to steal is sufficient to sustain a finding of guilt." [6]

While it remains the law in this state that intent to steal will not be inferred from the fact of entry alone, it is also the law that ". . . additional circumstances such as time, nature of place entered, method of entry, identity of the accused and other circumstances, without proof of actual larceny, can be sufficient to permit a reasonable person to conclude the defendant entered with an intent to steal." [7] In a recent case, involving a noontime entry into a residence, where intent to steal was found not to be inferrable,[8] this court repeated the types of circumstances that were the basis of affirming convictions in *Strait* and *Holmstrom,* including type of entry, manner of entry, type of building entered, place of entry, time of entry, and defendant's conduct when arrested or interrupted.[9] A parallelism between such circumstances is clear as to *Strait, Holmstrom* and the case before us:

[5] "We hold that the only part of the *Kennedy Case* which is not overruled is the statement that intent to steal will not be inferred from breaking and entering alone. On its facts, the *Kennedy Case* is overruled. We submit that if three men were seen running from a schoolhouse today, at night, in July, with gloves on, and carrying a bag of what is commonly referred to as burglarious tools, the jury would be entitled to infer that they entered the building with intent to steal." *State v. Holmstrom* (1969), 43 Wis. 2d 465, 476, 168 N. W. 2d 574, cited with approval in *Bethards v. State* (1970), 45 Wis. 2d 606, 615, 173 N. W. 2d 634.

[6] *Strait v. State* (1969), 41 Wis. 2d 552, 562, 164 N. W. 2d 505.

[7] *Strait v. State, supra,* at page 562.

[8] *State v. Hall* (1972), 53 Wis. 2d 719, 723, 193 N. W. 2d 653.

[9] *Id.* at pages 722, 723.

| | In the Strait Case | In this Barclay Case | In the Holmstrom Case |
|---|---|---|---|
| Type of Entry: | Forcible | Forcible | Forcible |
| Manner of Entry: | Breaking rear window | Breaking rear window | Splintering side door |
| Place of Entry: | Rear of building | Rear of building | Side door of building |
| Type of Building Entered: | Restaurant | Tavern | Country Club |
| Time of Entry: | 4 a. m. | 4:45 a. m. | 2 a. m. |
| Conduct of Defendant When Interrupted: | Attempted to hide and escape arrest | Attempted to run away when ordered by police to stop | Attempted to run away when police arrived on the scene |

In all three cases, entry was forcible, a usual circumstance in after-closing hour, tavern-restaurant burglaries. In all three situations, the manner of entry involved damage to the building, a broken window in two cases, a smashed door in the third, a situation negativing either a casual or friendly visit. In all three prosecutions, the place entered [10] was a tavern-restaurant type enterprise where cash as well as merchandise and equipment were likely prizes for the would-be burglar. In all three breakins, the place of entry was away from the front entrance at a place less likely to be observed by passersby. In all three attempted burglaries, the time of entry was after

[10] When the defendant reached through the window he had broken and unlatched the window lock, an entry was made. *See:* 12 C. J. S., *Burglary*, p. 674, sec. 10, stating: "It is not necessary that the party shall get his whole body into the house, and the least entry of any part of the body is sufficient. . . ."

closing hours and in the early morning when the likelihood of interruption was at a minimum. In all three trials, it was established that the defendant sought to evade apprehension or arrest by the police. In all three cases, such surrounding circumstances were more than adequate to warrant the juries in finding that an intent to steal existed. In all three cases, such additional circumstances associated with the three unlawful entries were ". . . sufficient to permit a reasonable person to conclude the defendant[s] entered with an intent to steal." [11] And that is the test.

*By the Court.*—Judgment and order affirmed.

WILKIE, J. *(concurring)*. The question of when an intent to steal or otherwise to commit a felony can be inferred from a breaking and entering has troubled this court for a number of years. While I wrote the opinion for the court in *Reynolds,*[1] I am now persuaded that the rule expressed in that case was too broad and should be overruled. I would thus clearly overrule *Reynolds* and *Kennedy.*[2] This court, because of the conflicting opinions on this question, is forced to distinguish every case on this point. I would adopt the rule that when there is a breaking and entering the jury is entitled to infer from the circumstances of that act that there was an intent to steal or otherwise to commit a felony. The review of that determination would be by the same burden as our review of any jury question.

A review of the evidence in this case convinces me that a reasonable jury could infer from the circumstances of the breaking and entering that defendant had the intent

[11] *Strait v. State, supra,* at page 562.

[1] *State v. Reynolds* (1965), 28 Wis. 2d 350, 137 N. W. 2d 14.

[2] *State v. Kennedy* (1962), 15 Wis. 2d 600, 113 N. W. 2d 372. *See also: Strait v. State* (1969), 41 Wis. 2d 552, 564, 164 N. W. 2d 505 (HEFFERNAN and WILKIE, JJ., concurring).

to steal. While the majority reaches this same result, I am afraid that too much reliance will be placed on the various factors enumerated. I believe the question of intent to be for the jury; a clear enunciation of that rule and the outright overruling of *Reynolds* and *Kennedy* would significantly clarify this area of the law.

I have been authorized to state that Mr. Justice CONNOR T. HANSEN joins in this opinion.