JOHNSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 193. Argued May 3, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 760.)

For the plaintiff in error there was a brief and oral argument by *Steve Enich* of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. The issue presented on this appeal is whether the evidence adduced, believed and rationally considered by the trial court was sufficient to prove beyond a reasonable doubt that the defendant was guilty of the crime of burglary.

Defendant denied the commission of the alleged offense and in support of his plea of not guilty relied upon an alibi as a defense.[1]

Albert Stanelle lived in an apartment in the city of Milwaukee. He was absent from his apartment from approximately 11 p. m. on December 11, 1970, to 2:15 a. m. the following morning. During the period of his absence the apartment was burglarized. Upon his return to the apartment, he observed the front door ajar, the back door partially ripped off the hinges, and the basement window broken. He discovered that a pistol, other items of personal property, and some currency were missing. He suspected that his neighbor, Michael Boettcher, might know something about the incident. On December 14th he went to Boettcher's home and there found the pistol and some coins in a glass jar.

Boettcher testified that the defendant came to his home shortly after midnight on December 12, 1970. He and the defendant then went outside and talked. The lights were out in Stanelle's apartment and the defendant inquired as to who lived there. Boettcher informed him that it was Stanelle's apartment and that he was not home at the time. The defendant then told Boettcher he needed some money and asked how to gain entrance to Stanelle's apartment. Boettcher told him to go through a basement window. The defendant replied, "Okay, I'll see you later." Defendant returned a short time later and handed Boettcher a pistol and a jar of coins. Defendant told Boettcher he had gotten them from Stanelle's apartment and that he would be back to pick

---

[1] Sec. 971.23 (8), Stats.

them up. The trial court admitted the pistol in evidence but not the coins.

Defendant denied the commission of the offense, the alleged contacts with Boettcher, and further testified that he had been at the home of Isabella Kaye from about 10 a. m. on December 11, 1970, until sometime on December 13, 1970. His alibi was supported by the testimony of Isabella Kaye and her daughter. The trial court specifically found that the defendant and the two alibi witnesses were not telling the truth. No useful purpose will be served by reviewing the testimony of the two alibi witnesses; however, we have examined the record and are of the opinion the determination of the trial court on this issue was well within the bounds of its judicial discretion.

The test for determining the sufficiency of the evidence on appeal has recently been restated by this court in *Bautista v. State* (1971), 53 Wis. 2d 218, 223, 191 N. W. 2d 725:

"Several rules applied in appellate review of the sufficiency of the evidence in criminal cases have been stated so frequently in our late cases that they need no citation of authority to support them. The burden of proof is upon the state to prove every essential element of the crime charged beyond reasonable doubt. The test is not whether this court or any of the members thereof are convinced beyond reasonable doubt, but whether this court can conclude the trier of facts could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true. A criminal conviction can stand based in whole or in part upon circumstantial evidence. The credibility of the witnesses and the weight of the evidence is for the trier of fact. In reviewing the evidence to challenge a finding of fact, we view the evidence in the light most favorable to the finding. Reasonable inferences drawn from the evidence can support a finding of fact and, if more than one reasonable inference can be drawn from the evidence, the inference which supports the finding is the one that must be adopted. Our review of the record in response to a

challenge to the sufficiency of the evidence is so limited by these rules."

Defendant acknowledges that each and every element of a crime may be proved by circumstantial evidence but contends that the evidence must be such as to exclude every reasonable hypothesis consistent with the defendant's innocence. While this is the standard that must be applied by the trier of fact, it is not the test on appeal. In *State v. Lindsey* (1972), 53 Wis. 2d 759, 768, 193 N. W. 2d 699, this court stated:

". . . On appeal, this court is not concerned with the evidence which might support other theories of the crime, it is concerned only with ascertaining whether the trier of fact could, acting reasonably, exclude these other theories and make findings supporting the guilt of a defendant."

*See also: State v. Zdiarstek* (1972), 53 Wis. 2d 776, 784, 785, 193 N. W. 2d 833. The same test applies in reviewing a finding based in whole or in part on circumstantial evidence. *State v. Johnson* (1960), 11 Wis. 2d 130, 137, 104 N. W. 2d 379. Where direct testimony is in dispute the credibility of the various witnesses is within the exclusive province of the trier of fact. *State v. Zdiarstek, supra,* and cases cited therein; *Lemerond v. State* (1969), 44 Wis. 2d 158, 170 N. W. 2d 700. It is only where the testimony relied upon is inherently incredible that this court will reverse a finding by the trier of fact. *Simos v. State* (1972), 53 Wis. 2d 493, 192 N. W. 2d 877; *State v. Haugen* (1972), 53 Wis. 2d 339, 193 N. W. 2d 50; *State v. Chacon* (1971), 50 Wis. 2d 73, 183 N. W. 2d 84.

The crime of burglary as defined in sec. 943.10 (1) (a), Stats., contains three essential elements: (1) The intentional entry of a building or dwelling; (2) without the consent of the person (s) in lawful possession thereof;

and (3) with the intent to steal. *Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505; *State v. Hall* (1972), 53 Wis. 2d 719, 193 N. W. 2d 653.

Defendant's primary contention is that there was no evidence to establish that he entered the premises. The only evidence presented from which entry could be inferred was the testimony of Boettcher. His testimony was that defendant told him he needed money; that he discussed with defendant the manner of entry into Stanelle's residence (it appears that such manner of entry was actually performed) ; that defendant returned a short time later with a pistol and some coins (the pistol was identified by Stanelle as property which was taken from his home) ; and, that defendant told him he obtained the pistol and coins next door and that they belonged to Stanelle. There can be no doubt that this testimony, if believed, established that the defendant both entered the Stanelle premises and at such time possessed the intent to steal. While, as defendant suggests, it is equally plausible that Boettcher might have been lying and might have committed the burglary himself, the trial court chose to believe Boettcher's testimony, which it had a right to do. The testimony cannot be considered inherently incredible.

An examination of the record leads us to conclude that the evidence adduced, believed and rationally considered by the trial court was sufficient to prove the defendant's guilt beyond a reasonable doubt. *State v. Barclay* (1972), 54 Wis. 2d 651, 196 N. W. 2d 745; *State v. Zdiarstek, supra,* and cases cited therein.

*By the Court.*—Judgment affirmed.