RAYMOND, Plaintiff in error, v. STATE, Defendant in error.

*No. State 198. Argued June 8, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 351.)

For the plaintiff in error there was a brief and oral argument by *Robert H. Bichler* of Racine.

For the defendant in error the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J.   The appeal raises these two issues:

(1) Is the evidence sufficient to show that defendant entered the premises with the intent to steal; and

(2) Did the trial court err in refusing to submit to the jury a verdict based on criminal trespass to dwellings as a lesser included offense?

In order to resolve the first issue it is necessary to state the material facts adduced in evidence.

On January 27, 1971, at about 12:55 p. m., Raymond Hansche was watching television at his home, located at 3312 Rosalind Avenue in the township of Mt. Pleasant in Racine county. He thought he heard a rap at the door of his house. The rapping was repeated and, when Mr. Hansche started to the door, he saw a man pass by the windows on the side of the house. He looked out of the window but saw no car in the vicinity at that time. Shortly thereafter, he heard rapping at another door, followed by a crash. He made his way to the solarium, or flower room, and saw standing inside the door a man whom he later identified as defendant Horace Raymond. The window to the door had been broken and the door unlatched. Mr. Hansche asked the intruder, "What do you want to break the glass for?" Defendant replied, "I didn't mean to." "Well what are

you doing here?" asked Mr. Hansche; defendant responded, "Nothing." At this time, Mr. Hansche noted that defendant had a screwdriver in his right hand. Defendant used his left hand to deliver a blow to the right side of Mr. Hansche's head, causing him to stumble backward and fall. When he looked up, he saw defendant running out the door. Soon after defendant's disappearance, Mr. Hansche noted a white or gray Corvair pull out of the alley and drive away.

Mr. Hansche examined the doorway through which defendant had entered the premises and observed scratch marks around the door.

### Sufficiency of evidence.

The standard of review applied by this court in criminal appeals was recently restated in *State ex rel. Kanieski v. Gagnon* (1972), 54 Wis. 2d 108, 113, 194 N. W. 2d 808, in the following terms:

"While the state must prove defendant's guilt beyond a reasonable doubt, on appeal this court's review is limited to determining whether the evidence adduced, believed and rationally considered by a jury was sufficient to prove defendant's guilt beyond a reasonable doubt. Reversal is required only when the evidence considered most favorably to the state and the conviction is so insufficient in probative value and force that it can be said as a matter of law that no trier of facts acting reasonably could be convinced to that degree of certitude which the law defines as beyond a reasonable doubt."

A verdict will not be disturbed on appeal if there is any credible evidence which in any reasonable view supports the finding of the jury. *State v. Morrissy* (1964), 25 Wis. 2d 638, 640, 131 N. W. 2d 366. We think the evidence in this case was sufficient to entitle the jury to find, beyond a reasonable doubt, that defendant's

entry into Mr. Hansche's residence was with the intent to steal therefrom.

The evidence discloses that defendant rapped at the front door of the house a number of times. When he received no response, he walked around the side of the house and knocked at another door. Apparently concluding that no one was inside the premises, he attempted to pry the door open with a screwdriver. He finally broke a pane of glass, reached in and unlatched the door to gain entry into the house. This was a private residence. It has been noted that one who breaks into a private dwelling may more readily be found to have a felonious intent than one who breaks and enters into a public building. *Galloway v. State* (1966), 32 Wis. 2d 414, 422, 145 N. W. 2d 761, 147 N. W. 2d 542. Defendant's conduct when interrupted also indicates that he entered the house with an intent to steal. When accosted by the owner of the premises, he offered no explanation for his presence, struck Mr. Hansche across the side of the head and ran from the building. These acts occurred shortly before 1 p. m. Although at common law, the breaking and entering of a dwelling had to occur in the nighttime in order to constitute a burglary —Perkins, *Criminal Law* (2d ed.), *Burglary*, pp. 207, 208, ch. 3, sec. 1 E—no such requirement exists under our present statute. Many burglaries are committed during daylight hours. Merely because defendant chose to enter the house during the light of day, rather than under the cover of darkness, is insufficient to reverse his conviction.

Most of the above evidence is circumstantial insofar as it relates to proof of intent to steal. However, it frequently has been held that circumstantial evidence can be sufficient to support a finding of guilt. *State v. Heidelbach* (1971), 49 Wis. 2d 350, 360, 182 N. W. 2d 497. We think that the evidence in this case is suffi-

cient to support a finding of a felonious intent on the part of the defendant.

In *Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505, this court adhered to the rule that mere intentional entry into a premises without the consent of the person in lawful possession thereof was insufficient to infer an intention to steal, but qualified *State v. Kennedy* (1962), 15 Wis. 2d 600, 113 N. W. 2d 372, and *State v. Reynolds* (1965), 28 Wis. 2d 350, 137 N. W. 2d 14, by holding that proof of "additional circumstances" may be sufficient to permit the trier of fact to find an intent to steal. Such additional circumstances include the type, manner, place and time of entry; type of building; the identity of the accused; and defendant's conduct when interrupted. *State v. Barclay* (1972), 54 Wis. 2d 651, 654, 196 N. W. 2d 745.

### Lesser included offense.

Defendant contends that the trial court should have submitted to the jury a verdict based on criminal trespass to dwellings as a lesser included offense of burglary. The trial court evidently concluded that criminal trespass was a lesser included crime but denied defendant's motion on the grounds that the evidence did not show that defendant was unlikely to be convicted of the greater crime of burglary, citing *Commodore v. State* (1967), 33 Wis. 2d 373, 147 N. W. 2d 283. In *Commodore,* this court was faced with the same question which is raised herein but did not decide whether the lesser crime of criminal trespass is included within the crime of burglary. Before we undertake an analysis of the evidence to determine whether the trial court was justified in refusing to submit the lesser charge, the threshold determination must be whether criminal trespass is a lesser included crime of burglary.

.

This court has noted. that there are three elements to the crime of burglary, under sec. 943.10, Stats. These elements were set forth in *State v. Hill* (1972), 53 Wis. 2d 719, 193 N. W. 2d 653, at page 720, as follows:

". . . (1) an intentional entry of the building, (2) without the consent of the person in lawful possession, and (3) with an intent to steal."

To prove a criminal trespass to dwellings under sec. 943.14, proof of the following is required: (1) An intentional entry of a dwelling; (2) without the consent of some person lawfully on the premises; and (3) *under circumstances tending to create or provoke a breach of the peace.*

Clearly, the offense of criminal trespass requires proof of an element not required in proving burglary. Consequently, it cannot be a lesser included crime; and the trial court did not err in refusing to submit it as such. The definition of included crime as applicable to the instant situation is found in sec. 939.66, Stats.:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; . . ."

We conclude that the jury was properly instructed; and there is sufficient evidence to support the conviction.

*By the Court.*—Judgment and order affirmed.