MORONES, Plaintiff in error, v. STATE, Defendant in error.

*No. State 145. Submitted under sec. (Rule) 251.54 November 28, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 31.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Michael R. Klos,* assistant attorney general.

ROBERT W. HANSEN, J. Defendant makes two arguments to support his contention that a "manifest injustice" has here occurred.

The first claim, to quote defendant's brief, is that "defendant's acts did not constitute the crime of attempted burglary, party to a crime." There is no challenge to the fact that the defendant and his accomplice went to the rear door of the closed tavern, at about 2:20 a. m., to break and enter with intent to steal. There is no denial that the defendant jimmied the lock and pushed inward the door while his accomplice acted as lookout. There could be no denial that if the police officer had placed the defendant under arrest while defendant was breaking the lock with his screwdriver, he would have been caught red-handed with the crime of attempted burglary [1] completed.[2] There could be no deny-

---

[1] Sec. 943.10, Stats., providing: "Burglary. (1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than 10 years:

"(a) Any building or dwelling; . . ."

[2] *State v. Barclay* (1972), 54 Wis. 2d 651, 655, footnote 10, 196 N. W. 2d 745, stating: "When the defendant reached through the window he had broken and unlatched the window lock, an entry was made. *See:* 12 C. J. S., *Burglary,* p. 674, sec. 10, stating: 'It is not necessary that the party shall get his whole body into the house, and the least entry of any part of the body is sufficient. . . .'"

ing that if the police officer had arrested the defendant immediately after he had lunged or pushed against the door with his body to force it inward, he would have been arrested with the crime of burglary [3] completed.[4] However, defendant's claim is that, after he had jimmied the lock and pushed inward the door, he changed his mind about going through with the undertaking. He reached in, only to close the door. He and his partner left, not as part of a "lock popping" maneuver to determine if the break-in had been observed, but to abandon the enterprise. So it follows, claims defendant in his brief, "defendant had withdrawn from the criminal enterprise before any criminal liability could attach."

The trial court found this claim of change of mind, as made at the plea withdrawal hearing, incredulous, stating: "The Court feels that the testimony of the defendant is without credibility." Its weakness goes beyond the matter of credibility. The withdrawal, if it took place as defendant testified, occurred after the crime involved had been completed. When the defendant jimmied the lock and pushed against the door, pushing it inward, entry onto the premises had been made. Whether he stepped in or, as he testified, later reached in to close

---

[3] Sec. 939.32, Stats., in material part, providing: "**Attempt.** (1) Whoever attempts to commit a felony . . . may be fined or imprisoned or both not to exceed one half the maximum penalty for the completed crime . . . .

"(2) An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor."

[4] Attempted burglary is an attempt to enter the premises without the consent of the owner and with intent to take and retain property and does not require actual entry of the premises. *See: Bethards v. State* (1970), 45 Wis. 2d 606, 173 N. W. 2d 634.

the door, would not matter. It is not how or why the door was closed that matters. It is the fact that it was opened by a person with intent to steal that furnishes both entry and intent, the prerequisites for the completed crime of burglary.[5] As was said in a recent case involving the driver of a getaway car in a parking lot burglary, ". . . the crime of burglary, *i.e.*, the breaking and entering with intent to commit the felony, had been committed prior to the defendant's physical withdrawal from the scene."[6] In that case this court concluded "complicity was complete prior to the alleged withdrawal."[7] Here we conclude that defendant had completed the crime of burglary at the time he claims to have had a change of mind. With entry accomplished and intent to steal conceded, we see no reason to challenge a conviction for attempted burglary, a lesser and included offense, where the commission of a burglary, a more serious offense, had been completed.

The second claim, to quote defendant's brief, is that "the trial court failed to establish a 'factual basis' existed to support his plea of guilty . . . which amounted to a 'manifest injustice.'" There is no challenge to the voluntariness of the plea of guilty. Nor is there any claim that the defendant did not understand the nature of the charge brought against him. The information was read at defendant's arraignment and, when questioned by the court, the defendant stated that he understood the

---

[5] *State v. Barclay, supra,* at page 652, affirming attempted burglary conviction, this court stating: "One question only is asked by this appeal: Was the evidence sufficient to permit the jury to reasonably conclude beyond a reasonable doubt that the defendant's unlawful entry was made with intent to steal?" *See also: State v. Holmstrom* (1969), 43 Wis. 2d 465, 168 N. W. 2d 574; *Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505.

[6] *State v. Chabonian* (1972), 55 Wis. 2d 723, 731, 201 N. W. 2d 25.

[7] *Id.* at page 731.

charge contained in the information and that he had discussed the charge with his attorney.[8] However, the statutes require that before the court accepts a plea of guilty it shall "Make such inquiry as satisfies it that the defendant in fact committed the crime charged."[9] In the case before us there was a brief colloquy between the court and the defendant, at the time of taking the plea, as to the crime alleged[10] and, following acceptance of the plea of guilty, defense counsel made a statement concerning the facts involved.[11] But no testimony was

[8] *"The Court:* Mr. Morones, do you understand the charge contained in the Information? *Defendant:* Yes. *The Court:* Have you discussed it with your attorney, Mr. Roberts? *Defendant:* Yes. *The Court:* Are you ready to plead? *Defendant:* Yes."

[9] Sec. 971.08 (1) (b), Stats., codifying *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, applying the mandate of *McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418, as applied to the states by *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274, stating: ". . . the trial judge should personally determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'" (Citing Fed. R. Crim. P. 11, Notes of Advisory Committee on Criminal Rules, 18 USCA, p. 558.) *Id.* at page 674.

[10] *"The Court:* Well, to what charge are you pleading guilty to? *Defendant:* Burglary, I don't know. *Mr. Roberts* [Defense Counsel]: Attempted. *Defendant:* Attempted burglary. *The Court:* And that was a building known as Al's Place located at 1924–16th Street here in the city of Racine? *Defendant:* Yes. *The Court:* That was on the 7th day of March, 1972? *Defendant:* Yes. . . . *The Court:* Do you have any questions that you would like to ask the Court at this time? *Defendant:* No."

[11] *"Defense Counsel:* . . . He has not had any problem since the attempted burglary in March. I might say attempted burglary which consisted of he and another fellow were going to the back door of a tavern, trying to pry it open, and walking away. Changed his mind. And of course police officers caught them walking away, but they were actual police officers that saw him break the door open. I don't think any question of the attempted burglary."

taken as to circumstances surrounding the arrest. The state argues that the preliminary hearing, containing both the testimony of the arresting officer and admissions by the defendant, furnishes a factual basis for the court satisfying itself that the defendant in fact committed the crime charged. Given a stipulation of prosecution and defense to accept the preliminary hearing in lieu of testimony at the time of taking of the plea, here the preliminary hearing would have satisfied the requirement of the statute.[12] But there was no such stipulation and, in fact, no reference in the record to the trial court's reference to or reliance upon the preliminary hearing.

Defendant's brief quotes the *Reppin Case* [13] as authority for stating failure to determine that a factual basis

[12] *See: State v. Chabonian, supra,* at page 729, citing *North Carolina v. Alford* (1970), 400 U. S. 25, 37, 38, 91 Sup. Ct. 160, 27 L. Ed. 2d 162, where hearsay presentation by the state of circumstantial evidence tending to show the defendant's guilt was accompanied by defendant's assertion of innocence, the United States Supreme Court holding:

" 'Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. . . . When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered . . . its validity cannot be seriously questioned. . . .' " *But see: Christian v. State* (1972), 54 Wis. 2d 447, 456, 195 N. W. 2d 470, holding, in the absence of stipulation of the parties, ". . . The preliminary hearing record did show the critical facts of the case, but alone it would not have been enough." *See also: McAllister v. State* (1972), 54 Wis. 2d 224, 194 N. W. 2d 639.

[13] *State v. Reppin* (1967), 35 Wis. 2d 377, 385, 151 N. W. 2d 9, adopting American Bar Association Project on Minimum Standards for Criminal Justice—*Pleas of Guilty* (Tentative Draft, February, 1967), Part II, pp. 9, 10, providing:

exists for the plea constitutes "clear and convincing evidence" that a "manifest injustice" has occurred. Generally speaking, we would agree. However, in the case before us, at the hearing on the motion for withdrawal of guilty plea, the defendant furnished equally clear and far more convincing evidence that no manifest injustice here occurred. In seeking to establish the defense that his acts did not constitute the crime of attempted burglary, party to a crime, the defendant in fact established that his admitted acts did constitute not only the crime of attempted burglary but the crime of completed burglary. The purpose of the statutory requirement for a court inquiry as to basic facts is to protect the defendant who pleads guilty voluntarily and understanding the charge brought but not realizing that his conduct does not actually fall within the statutory definition of the charge.[14] What is required is a sufficient postplea inquiry to determine to the court's satisfaction that the facts, if proved, "constitute the offense charged and whether the defendant's conduct does not amount to a defense."[15] At the time of taking the plea, the trial court may consider hearsay evidence, such as testimony

"2.1 Pleas withdrawal.

"(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice." *See also: Griffin v. State* (1969), 43 Wis. 2d 385, 389, 168 N. W. 2d 571.

[14] *Edwards v. State* (1971), 51 Wis. 2d 231, 236, 186 N. W. 2d 193.

[15] *Id.* at page 236, stating: "The purpose of a postplea inquiry is to insure the accuracy of the plea by determining whether the facts, if proved, constitute the offense charged and whether the defendant's conduct does not amount to a defense . . ." and adding that the mandated court inquiry ". . . does not require the evidence in the form submitted at the hearing be admissible at trial or that it be sufficient to convict beyond a reasonable doubt."

of police officers,[16] the preliminary examination record and other records in the case.[17] Upon review, we are to determine whether the trial court "possessed sufficient facts and made sufficient inquiry to satisfy itself that the acts admitted constituted the crime committed." [18]

However, upon review of denial of a motion to withdraw a plea of guilty, we are required to find that such withdrawal of plea is necessary to correct a manifest injustice. As this court has put the test upon review: "A plea of guilty may be withdrawn upon a showing its withdrawal is necessary to correct a manifest injustice, but this showing must be established by clear and convincing evidence." [19] Where the defendant's only defense is that of withdrawal and where his own testimony establishes that his claimed withdrawal occurred after the crime alleged had been completed, we conclude that such

[16] *Id.* at pages 236, 237, the court holding: "In this case a police officer disclosed what was in the report of a police investigation. The report undoubtedly was hearsay because it included statements to a police officer by an off-duty officer who saw Edwards enter the food store and put on a mask. The evidence produced in the postplea inquiry was sufficient to determine the factual basis for Edwards' plea. . . ."

[17] *Christian v. State, supra,* at pages 457, 458.

[18] *Id.* at page 458, stating: ". . . with the purpose of a postplea inquiry being to 'insure the accuracy of the plea,' we would hold that the trial court here possessed sufficient facts and made sufficient inquiry to satisfy itself that the acts admitted constituted the crime committed. As this court has stated, a plea of guilty may be withdrawn '. . . upon a showing its withdrawal is necessary to correct a manifest injustice, but this showing must be established by clear and convincing evidence.' . . ." (Citing *Edwards v. State, supra,* at page 236; *Griffin v. State, supra,* at page 389.)

[19] *Griffin v. State, supra,* at page 389, citing *State v. Reppin, supra; Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625, certiorari denied, 379 U. S. 862, 85 Sup. Ct. 124, 13 L. Ed. 2d 65.

testimony establishes that no manifest injustice has here occurred by reason of the limited inquiry which the trial court undertook to satisfy itself that the defendant in fact committed the crime charged.

*By the Court.*—Judgment and order affirmed.