129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lawrence C. McMORRIS, Jr., Defendant-Appellant.
 No. 97-1648.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 1, 1997.
Decided Oct. 31, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 96-CR-180; J.P. Stadtmueller, Chief Judge.
 Before POSNER, Chief Judge, and ESCHBACH, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Lawrence C. McMoris, Jr., challenges the use of three prior Wisconsin convictions for burglary, robbery, and armed robbery as predicate offenses to support a finding that he qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which resulted in a mandatory 15-year term prison sentence instead of the 168 months he might have otherwise received under the Sentencing Guidelines.
 
 
 2
 In 1985, McMorris was convicted of burglary (Wis.Stat. § 943.10). He argues that the Wisconsin burglary statute is too generic and arbitrary, thus violating his right to due process and equal protection. He would prefer the Sentencing Guidelines' career offender provision which limits burglaries to residential dwellings. U.S.S.G. § 4B1.1, comment n. 2. The clear language of the ACCA, however, does not limit burglaries to dwellings, and nothing in the legislative history of that provision or the case law indicates that the broader language of the ACCA is unconstitutional. See United States v. King, 62 F.3d 891 (7th Cir.1995); United States v. Hascall, 76 F.3d 902, 903 (8th Cir.1996); United States v. Riddle, 47 F.3d 460, 461 (1st Cir.1995); United States v. Maxey, 989 F.2d 303, 308 (9th Cir.1993).
 
 
 3
 In regard to the 1985 burglary conviction, McMorris also argues that we should consider the fact that when he robbed a Walgreens store, he never actually entered the store. This court does not look beyond the charging document at the underlying facts, Taylor v. United States, 495 U.S. 575, 601-02 (1990); United States v. Shannon, 110 F.3d 382, 384 (7th Cir.1997) (en banc ), if the judgment of conviction and relevant statute show that the crime met the definition of a generic burglary, Taylor, 495 U.S. at 601. The Wisconsin statute under which McMorris was convicted requires entry, and the court need look no further. United States v. Howell, 37 F.3d 1197, 1206-07 (7th Cir.1994). In any event, McMorris broke a window and reached in to steal electronic equipment from the store, which would qualify as "entering" under the Wisconsin statute. See State v. Barclay, 54 Wis.2d 651, 656 n. 10, 196 N.W.2d 745, 747 n. 10 (1972) ("When the defendant reached through the window he had broken and unlatched the window lock, an entry was made.").
 
 
 4
 In 1982, McMorris was convicted of armed robbery in Wisconsin. (Wis.Stat. § 943.32(1)(b)(2).) He argues that he was merely a party to the crime, not a principal, and that § 924(e)(2)(B) should be read like U.S.S.G. § 4B1.2, which expressly excludes aiders and abetters. A conviction under the Wisconsin burglary statute as a party to the crime constitutes a violent felony. United States v. Groce, 999 F.2d 1189, 1192 (7th Cir.1993). A person convicted under that statute is treated as a principal for purposes of § 924(e) Id. Accord United States v. Mitchell, 23 F.3d 1, 2-3 (1st Cir.1994). See also United States v. Baca-Valenzuela, 118 F.3d 1223, 1232 (8th Cir.1997).
 
 
 5
 In a related argument, McMorris urges the court to look at the underlying facts which he states will establish that he did not personally hold the gun or threaten force against the store employee during the robbery. Again, Taylor precludes this review of the underlying facts.
 
 
 6
 McMorris also argues that he was a juvenile at the time he committed the 1982 armed robbery. The court need not reach this argument since a gun was involved. In any event, he was convicted as an adult for a crime punishable for a term exceeding one year. 18 U.S.C. § 924(e)(2)(B). See United States v. Bacon, 94 F.3d 198, 161 n. 2 (4th Cir.1996); United States v. Hazelett, 32 F.3d 1313, 1320 (8th Cir.1994); United States v. Pinion, 4 F.3d 941, 944-45 (11th Cir.1993); United States v. Carrillo, 991 F.3d 590, 593 (9th Cir.1993); United States v. Cure, 996 F.2d 1136, 1140 (11th Cir.1993); United States v. Lender, 985 F.2d 151, 155-56 (4th Cir.1993); United States v. Muhammed, 948 F.2d 1449, 1459 (6th Cir.1991).
 
 
 7
 In 1986, McMorris was convicted of robbery (Wis.Stat. § 939.05). He argues that this conviction can now be used as a predicate offense because he was not the principal. This argument fails for the same reasons discussed in relation to the 1982 armed robbery conviction addressed above. Moreover, as discussed above., the court does not look at the underlying facts to determine if he is a principal. Taylor, 495 U.S. at 601-02; Shannon, 110 F.3d at 384.
 
 
 8
 We conclude that the district court properly sentenced McMorris under the Armed Career Criminal Act, and properly counted the three prior convictions as predicate felonies. Accordingly, the judgment of the district court is AFFIRMED.